(No. 64751.—

THE PEOPLE *ex rel.* RICHARD M. DALEY, State's Attorney, Petitioner, v. HONORABLE EARL E. STRAYHORN, Judge, *et al.*, Respondents.

*Opinion filed January 19, 1988.*

332

Richard M. Daley, State's Attorney, of Chicago

(Thomas V. Gainer, Jr., and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the petitioner.

Richard S. Kling, of Chicago, for respondent Hon. Earl E. Strayhorn.

Julius Lucius Echeles, of Chicago, for respondent Jang Bae.

JUSTICE RYAN delivered the opinion of the court:

This original proceeding for the issuance of a writ of *mandamus* is brought by the State's Attorney of Cook County (petitioner), pursuant to Supreme Court Rule 381 (107 Ill. 2d R. 381). The petitioner asks this court to compel the Honorable Earl E. Strayhorn, judge of the circuit court of Cook County (respondent), to vacate his original sentencing order and to impose a sentence of natural life imprisonment on defendant Jang Bae under section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)).

At a jury trial, presided over by Judge Strayhorn, the defendant, Jang Bae, was convicted of murdering three Chicago firefighters, who died fighting the arson fire for which Jang Bae was responsible. At sentencing, the State asked for the death penalty. Judge Strayhorn heard arguments for and against imposition of the death penalty, ruled that sufficient mitigating factors existed, and did not impose it. The State argued, in the alternative, that the only other proper sentence was natural life imprisonment and that this sentence was mandatory where there were multiple murder convictions. Judge Strayhorn imposed two concurrent 40-year sentences for the murders of Captain Nichols and firefighter Forchione, and a consecutive 30-year term for the murder of firefighter Talley. The prosecutor asked that the sentence be reconsidered under section 5—8—1. Judge Strayhorn

stated that the circumstances of this case were extraordinary and did not fall within the ambit of the statute. This petition for writ of *mandamus* followed. The defendant, Jang Bae, is presently appealing his conviction for three murders and arson. That appeal is now pending in the appellate court.

The petitioner argues that section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)) mandates a natural life imprisonment sentence where the defendant is found guilty of multiple murders and that a writ of *mandamus* should issue to compel that sentence. Section 5—8—1(a)(1) provides:

> "A sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:
>
> (1) for murder, (a) a term shall be not less than 20 years and not more than 40 years, or (b) if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or that any of the aggravating factors listed in subsection (b) of Section 9—1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment, or (c) if the defendant has previously been convicted of murder under any state or federal law or is found guilty of murdering more than one victim, the court shall sentence the defendant to a term of natural life imprisonment." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1).)

Thus, if the judge is sentencing under section 5—8—1(a)(1)(b), he *may* sentence the defendant to natural life, but if he is sentencing the defendant under section 5—8—1(a)(1)(c) (conviction of multiple murders), he *shall* sentence the defendant to a term of natural life. Petitioner claims *mandamus* is the proper remedy to compel a judge to vacate a sentencing order because the State is

precluded from appealing an invalid sentence under Supreme Court Rule 604(a) (107 Ill. 2d R. 604).

The respondent argues that a writ of *mandamus* is inappropriate because *mandamus* will not lie to compel a judge to exercise his discretion in a certain way. The defendant argues that the "one act, one crime" rule and constitutional guarantees against double jeopardy make the natural life imprisonment statute inapplicable to him. Further, the defendant argues *mandamus* is improper when there is an appeal pending as to his convictions in the original trial.

The respondent, in his one-page brief, states that his ruling at the sentencing hearing that section 5—8—1(a)(1)(c) did not apply to the circumstances of this case, was a "finding of fact." Hence, the argument continues, *mandamus* cannot issue to compel him to vacate the sentence because the "finding of fact" was in his discretion and *mandamus* cannot issue to force a judge to exercise discretion in a certain way. *Daley v. Hett* (1986), 113 Ill. 2d 75.

While it is true judges have wide discretion over matters of sentencing (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492-93; *People v. Vance* (1979), 76 Ill. 2d 171, 182), and there is considerable deference given to a judge's finding of fact (see *People v. DeMorrow* (1974), 59 Ill. 2d 352, 358; *People v. Silver* (1986), 151 Ill. App. 3d 156, 162), a trial judge cannot transmute a finding of law into a discretionary finding of fact by simply calling it so (*Berry v. Blackard Construction Co.* (1974), 13 Ill. App. 3d 768, 772).

Here, during the sentencing hearing the trial court clearly accepted the jury findings of guilty on three separate counts of murder and sentenced the defendant to terms of years for those three murders. When the State's Attorney requested the court to reconsider the sentence under section 5—8—1(a)(1)(c), the court said, "I

do not think the statute means what you intend for it to mean. These circumstances were extraordinary and don't fall within the ambit of the statute ***." This statement cannot be called a finding of fact or the exercise of judicial discretion. Under the statute, following the conviction and the rejection of the death penalty, the judge had no discretion to exercise. *People v. Taylor* (1984), 102 Ill. 2d 201, makes it clear that it is constitutionally permissible for the legislature to fix this mandatory minimum penalty where it has determined that no set of mitigating circumstances could allow a proper penalty of less than natural life for the crimes of two or more murders. *Taylor* held that it was within the legislative province to make this determination. Here the defendant was convicted of the murders of three firefighters. Judge Strayhorn exercised his discretion concerning the death penalty and refused to impose it. He had no further discretion to exercise when sentencing the defendant. The statute unequivocally mandates natural life imprisonment for the murder of two or more persons. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c); *People v. Clark* (1987), 119 Ill. 2d 1.

The statute also states a court may not impose less than the minimum term of imprisonment set forth in the Code for certain offenses, murder being one of them. Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(2)(A).

Before we address the proper remedy to be granted in this case, we will briefly deal with the defendant's arguments concerning the "one act, one crime" rule and constitutionally protected rights against double jeopardy. The defendant argues that a single act of arson cannot properly result in multiple convictions for the deaths of three firemen, and that these convictions are somehow violative of double jeopardy guarantees. The argument hinges on the fact that the defendant had no specific intent to kill and if there was intent at all, it was to com-

mit arson. This is not a proper forum in which to address these arguments. We have noted above that the defendant has appealed his convictions. Presumably, these issues have been raised on appeal. We start in this case with a situation where the defendant has been convicted of three murders and the judge has sentenced the defendant for three murders. The question before this court is, could the judge lawfully impose the sentences imposed, or was he compelled by the statute to impose a sentence of natural life imprisonment? Under *People v. Taylor* (1984), 102 Ill. 2d 201, it was clearly mandatory that the judge sentence the defendant to natural life imprisonment. The other issues raised by defendant are not properly before us.

The defendant finally argues that *mandamus* should not be granted because the entire case is presently on appeal and a decision by the appellate court may render useless any action taken by the trial court pursuant to the writ of *mandamus*. (*People ex rel. Carey v. Scotillo* (1981), 84 Ill. 2d 170.) We hold that a better course of action would be to follow *Morrow v. Dixon* (1985), 108 Ill. 2d 223. Therefore, if defendant's convictions are affirmed on appeal, a writ of *mandamus* will issue directing respondent to vacate the sentence imposed and to impose the sentence of natural life imprisonment mandated by section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)). If the convictions are reversed or reversed and the cause remanded, the clerk of this court will enter an order dismissing the petition for *mandamus* as moot.

*Writ conditionally awarded;*
*jurisdiction retained.*