32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Renaldo MATTHEWS, Petitioner/Appellant,
v.
Thomas P. ROTH, Respondent/Appellee.
 No. 92-3051.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 28, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Renaldo Matthews filed a petition for habeas corpus in the district court, pursuant to 28 U.S.C. Sec. 2254. He raises several claims on appeal.
 
 
 2
 We AFFIRM the judgment of the district court for the reasons stated in the attached district court order.[1] Those claims that were not raised in the district court are waived. Weber v. Murphy, 15 F.3d 691 (7th Cir.1993), cert. denied, 62 U.S.L.W. 3755 (1994).
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 United States District Court
 Northern District of Illinois
 Eastern Division
 
 4
 United States of America ex rel. Renaldo Matthews, Petitioner,
 
 
 5
 v.
 
 
 6
 Thomas Roth, Respondent.
 
 Case No. 91 C 1435
 MEMORANDUM OPINION AND ORDER
 MARVIN E. ASPEN, District Judge:
 
 7
 Renaldo Matthews has filed a 28 U.S.C. Sec. 2254 (1988) petition for habeas corpus, raising seven grounds of constitutional import that, in his view, require us to issue the writ. We address the issues raised by Matthews seriatim, and, for the reasons set forth herein, deny his petition.
 
 
 8
 Following a bench trial, Matthews was found guilty of a double murder, theft, and armed violence, and sentenced to natural life in prison. Respondent Thomas Roth represents that Matthews "appears [to have] exhausted his state court remedies"; the appellate court affirmed the conviction, People v. Matthews, 205 Ill.App.3d 371, 562 N.E.2d 1113 (1st Dist.1990), and the Illinois Supreme Court subsequently denied leave to appeal. People v. Matthews, 136 Ill.2d 550, 567 N.E.2d 338 (1991).
 
 
 9
 The seven grounds presented by Matthews can be consolidated into five issues, which we consider as follows:
 
 
 10
 Issue No. 1: Matthews first claims that the "trial court erred in denying petitioner's motion to quash arrest and suppress evidence." Petition at 4. These allegations do not entitle him to federal habeas relief. It is well-settled that even "[a]n illegal arrest ... is an insufficient ground, standing alone, upon which to vacate a conviction...." Sanders v. Israel, 717 F.2d 422, 423 (7th Cir.1983), cert. denied, 465 U.S. 1033, 104 S.Ct. 1302, 79 L.Ed.2d 701 (1984); United States ex rel. King v. Greer, 672 F.Supp. 339, 341 (N.D.Ill.1987) (citing Sanders ).
 
 
 11
 Moreover, Matthews had and availed himself of the opportunity to present his arguments regarding the arrest and the evidence derived therefrom to the state appellate system. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976) (footnote omitted). Matthews does not claim that this opportunity was denied. He argues, instead, that the state courts erred in not quashing his arrest or suppressing evidence allegedly tainted by the arrest. This is precisely the "type of reconsideration that Stone v. Powell precludes." Sanders v. Israel, 717 F.2d at 424. We reject the arrest and connected evidentiary arguments as bases for habeas relief.
 
 
 12
 Issue No. 2: Matthews argues that his conviction "resulted from his involuntary statements secured by his illegal arrest and [police] mistreatment...." Petition at 9. The involuntariness issue is one that we give de novo consideration, Miller v. Fenton, 474 U.S. 104, 112, 106 S.Ct. 445, 450-51, 88 L.Ed.2d 405 (1985), but "subsidiary factual questions, such as ... whether in fact the police engaged in the intimidation tactics alleged by the defendant, are entitled to the Sec. 2254 presumption" of correctness. Id. at 112, 106 S.Ct. at 450 (citation omitted).
 
 
 13
 Though generally critical of the police procedures employed, the state trial court found that Matthews' confession was not coerced. Matthews, 205 Ill.App.3d at 387-88, 562 N.E.2d at 1122 (quoting trial court). The appellate court agreed. Id. at 406, 562 N.E.2d at 1134. Similarly, the trial court found that Matthews had been properly Mirandized, id. at 388, 562 N.E.2d at 1122, a finding upheld on appeal. Id. at 406, 562 N.E.2d at 1134. Finally, the appellate court determined that the record did not support Matthews' contention that drugs or alcohol made him susceptible to mentally coercive police methods. Id. at 409, 562 N.E.2d at 1135.
 
 
 14
 As Roth points out, Matthews does not suggest that any of Sec. 2254(d)'s exceptions apply in this case, so the state courts' factual findings are presumed accurate. Matthews' version of events was rejected at trial and on direct appeal, so "the record contains no support for a finding that [petitioner's] confession was involuntary." Andersen v. Thieret, 903 F.2d 526, 531 (7th Cir.1990). We find, after de novo review, that Matthews' confession was voluntary.
 
 
 15
 (3) Issue No. 3: Matthews raises a Sixth Amendment argument, protesting that his right to confront a witness testifying against him was abridged when the trial judge restricted cross-examination. Where the trier of fact "had sufficient information to make a discriminating appraisal of the witness' motives and bias," it is not error to limit cross-examination. United States ex rel. Ashford v. Director, Illinois Dep't of Corrections, 871 F.2d 680, 686 (7th Cir.1989). Here, the trial judge (sitting as the trier of fact) did learn on cross-examination that the witness knew that one of the victims "dealt drugs." It is not constitutional error to preclude repetitive cross-examination, so long as the trier of fact was exposed to information enabling it to discriminatingly appraise motive and bias. Habeas relief is not required on this claim.
 
 
 16
 Issue No. 4: The record reveals that the trial judge knew two of the witnesses who testified at trial (one of whom was apparently a defense witness). Matthews, however, has not shown "actual bias or prejudice as distinct from a mere appearance of bias or prejudice." Walberg v. Israel, 766 F.2d 1071, 1077 (7th Cir.1985). Absent this showing, or some other relevant indicia of bias (like grounds for vindictiveness, or a direct, financial stake in the outcome of the case), this is one of those judicial disqualification matters that simply does not "rise to a constitutional level." Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 820, 106 S.Ct. 1580, 1584, 89 L.Ed.2d 823 (1986). Matthews is not entitled to habeas relief because the trial judge did not recuse himself.
 
 
 17
 Issue No. 5: Matthews contends that he should have been sentenced under the state statute which permits a discretionary natural life sentence, Ill.Ann.Stat. ch. 38, para. 1005-8-1(a)(1)(b) (Smith-Hurd 1982 & 1992 Supp.). Additionally, he argues that it is unconstitutional to be given the equivalent of a death sentence--natural life in prison without the possibility of parole--" without any consideration of mitigating factors." Petition at 10-11.
 
 
 18
 In sentencing Matthews following his conviction for double murder, the trial judge had the discretion to impose the death penalty. Finding that capital punishment was not appropriate, Matthews, 205 Ill.App.3d at 417, 562 N.E.2d at 1141, the judge was obligated by law to follow ch. 38, para. 1005-8-1(a)(1)(c), and not p -1(a)(1)(b). People ex rel. Daley v. Strayhorn, 119 Ill.2d 331, 336, 518 N.E.2d 1047, 1050 (1988) ("Under the statute [p 1005-8-1(a)(1) ], following the conviction and the rejection of the death penalty, the judge has no discretion to exercise.... The statute unequivocally mandates natural life imprisonment for the murder of two or more persons."). Contrary to Matthews' claim, there was no statutory ambiguity; the trial judge's sentence under p -1(a)(1)(c) was required, and does not provide a basis for habeas relief.
 
 
 19
 Finally, as Roth notes, the consideration of mitigating factors and individualized sentencing in cases not actually involving the death penalty--and, despite Matthews' attempts to analogize a sentence of natural life, that penalty is not capital in nature--is a matter "rest[ing] not on constitutional commands, but on public policy enacted into statutes." Lockett v. Ohio, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973 (1978). In Illinois, the state legislature has determined that "no set of mitigating circumstances could allow a proper penalty of less than natural life for the crime of two or more murders." People v. Taylor, 102 Ill.2d 201, 206, 464 N.E.2d 1059, 1062 (1984). In short, Matthews' sentence is not the constitutional equivalent of the death penalty--indeed, the trial court found Matthews' background a mitigating factor in not imposing capital punishment. Matthews, 205 Ill.App.3d at 417, 562 N.E.2d at 1141. Matthews is not entitled to habeas relief on his "mitigating factors" argument.
 
 Conclusion
 
 20
 Having considered each of Matthews' arguments, we deny his petition for a writ of habeas corpus. It is so ordered.
 
 
 21
 Dated 7/9/92.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs
 
 
 [1]
 One of Matthews' claims is that the trial judge should have recused himself because he knew one of the state's witnesses who testified at Matthews' trial. He maintains that the failure to do so here violated his right to due process. The Due Process Clause is violated only when "the [biasing] influence is so strong that we may presume actual bias." Del Vecchio v. Illinois Dept. of Corrections, Nos. 92-2553 & 92-2622, slip op. at 17 (7th Cir. July 19, 1994). The appearance of bias does not require disqualification. Id. at 11. Matthews does not show actual bias, and the judge's announcement that he knew a state witness (and a defense witness) is insufficient to presume actual bias. No constitutional error occurred when the trial judge continued to preside after revealing that he knew the state witness