(No. 89300

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* MICHAEL J. WALLER, State's Attorney of Lake County, Petitioner, v. RAYMOND J. McKOSKI, Circuit Judge of the 19th Judicial Circuit, *et al.*, Respondents.

*Opinion filed April 19, 2001.*

GARMAN, J., took no part.
KILBRIDE, J., concurring in part and dissenting in part.

Michael J. Waller, State's Attorney, of Waukegan (Daniel B. Shanes, Assistant State's Attorney, of Waukegan, and Norbert J. Goetten, Martin P. Moltz and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for petitioner.

No appearance for respondents.

JUSTICE McMORROW delivered the opinion of the court:

Michael J. Waller, State's Attorney of Lake County, brings this original action for *mandamus* (Ill. Const. 1970, art. VI, § 4(a)) to compel the circuit court, pursuant to section 5—8—4(b) of the Unified Code of Corrections (730 ILCS 5/5—8—4(b) (West 1998)), to impose consecutive, rather than concurrent, sentences upon defendant, Roberto Flores. For the reasons that follow, the writ of *mandamus* is granted.

BACKGROUND

On August 17, 1999, defendant was convicted by a jury of three counts of predatory criminal sexual assault of a child. 720 ILCS 5/12—14.1 (West 1998). These convictions related to three separate incidents, involving three different minors, which occurred in Lake County between December 1, 1997, and August 1, 1998. Defendant's sentencing hearing was held on October 22, 1999. During this hearing, the prosecutor argued that "pursuant to statute," specifically, section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1998)), the sentences imposed upon defendant with

respect to each count must be imposed consecutively. The relevant portion of subsection (a) of section 5—8—4 provides:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless *** the defendant was convicted of a violation of Section *** 12—14.1 of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1998).

Subsequently to the prosecutor's request for the imposition of consecutive sentences, the following exchange occurred between the prosecutor and the court:

"THE COURT: What do you mean pursuant to statute? This isn't the single transaction on three different victims?

[Prosecutor]: It is in the same course of conduct.

THE COURT: Three different victims, three different days isn't the same course of conduct. He can't interpret the same course of conduct as being an overall reason to sexually assault children any more than rob a gas station.
* * *
Maybe the law has changed, but I looked this up a few years ago. You can't tell from the statute. Your interpretation would be plausible by the words of the statutes themselves."

In the alternative, the prosecutor argued before the circuit court that, even if the offenses forming the basis of defendant's convictions were found to have not been committed in the "same course of conduct" within the meaning of subsection (a) of section 5—8—4, the imposition of consecutive sentences was nevertheless required pursuant to subsection (b) of section 5—8—4. The relevant portion of subsection (b) provides:

"The court shall not impose a consecutive sentence except as provided for in subsection (a) unless *** multiple sentences of imprisonment are imposed on a defendant for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, and one of the of-

fenses for which the defendant was convicted was *** a violation of Section *** 12—14.1 of the Criminal Code of 1961, in which event the Court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(b) (West 1998).

The prosecutor contended that, under the facts presented in this case, subsection (b) mandated that the circuit court impose consecutive sentences upon defendant. First, the prosecutor noted, defendant had been convicted of three counts of predatory criminal sexual assault of a child under section 12—14.1 of the Criminal Code of 1961 (720 ILCS 5/12—14.1 (West 1998)), a triggering offense mandating the imposition of consecutive sentences. Second, the prosecutor argued that the nature of defendant's criminal objective, specifically, his sexual gratification, had not substantially changed during the course of committing the offenses.

After a brief recess, the circuit court rejected the State's argument that either subsection (a) or (b) of section 5—8—4 mandated the imposition of consecutive sentences. The circuit court stated:

> "The problem is not only the time span, but the single course, the nature of the criminal objective. In my opinion, we have three victims, the nature of the criminal objective changes. We can't classify this as the criminal objective being sexually assaulting children. That is my opinion on the cases."

The circuit court sentenced defendant to a 25-year term of imprisonment on each of the three counts, and ordered that the sentences be served concurrently.

Thereafter, the State filed with the circuit court a "motion to conform the sentences to section 5—8—4," arguing in the alternative that either subsection (a) or (b) applied, and concluding that either section mandated the imposition of consecutive sentences. No response was filed to the State's motion. The circuit court denied the motion. We allowed the State's motion for leave to file a petition for a writ of *mandamus*. 155 Ill. 2d R. 381. No

response has been filed in this court to the State's petition.

## ANALYSIS

*Mandamus* is an extraordinary remedy used to enforce, as a matter of right, a public officer's performance of his or her public duties where no exercise of discretion on the officer's part is involved. *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999); *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). A writ of *mandamus* "provides affirmative rather than prohibitory relief [citation] and can be used to compel the undoing of an act." *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997). A writ of *mandamus* will be granted only if a plaintiff can establish a clear, affirmative right to relief, a clear duty of the public officer to act, and clear authority in the public officer to comply with the writ. *Spagnolo*, 186 Ill. 2d at 229; *Noyola*, 179 Ill. 2d at 133. *Mandamus* is not a substitute for appeal. *Kellerman v. Crowe*, 119 Ill. 2d 111, 118 (1987).

Before this court, the State has abandoned as its primary argument the contention advanced in the circuit court that subsection (a) of section 5—8—4 mandates that consecutive sentences be imposed upon defendant. Therefore, for the purpose of this appeal, we accept the finding of the circuit court that defendant did not commit the offenses as part of a "single course of conduct during which there was no substantial change in the nature of the criminal objective," within the meaning of subsection (a). The State presently focuses its argument on subsection (b) of section 5—8—4, and maintains that defendant is subject to mandatory consecutive sentences under this provision. We agree.

Subsection (b) of section 5—8—4 was amended by Public Act 90—128, effective July 22, 1997. Prior to the 1997 amendment, subsection (b) left within the circuit court's discretion the question of whether to impose con-

secutive sentences upon a defendant convicted of committing multiple offenses in separate courses of conduct. The provision allowed the court to impose consecutive sentences if, based upon the "nature and circumstances of the offense and the history and character of the defendant," the court was "of the opinion that such a term is required to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5—8—4(b) (West 1996).

This court, in *People v. Bole*, 155 Ill. 2d 188 (1993), observed that the interplay between subsection (a) of section 5—8—4 and the preamended version of subsection (b) created "something of an anomaly, [in that it mandated the imposition of consecutive sentences for offenses committed in a single course of conduct, while] leaving the question of consecutive sentences within the discretion of the trial judge in what must be deemed the more serious situation of multiple offenses committed in separate courses of conduct." *Bole*, 155 Ill. 2d at 198. We opined that although this result "might simply have been an oversight by the legislature," it was "not one that we are able to correct under the guise of statutory interpretation." *Bole*, 155 Ill. 2d at 198-99.

In response to *Bole*, the Illinois General Assembly passed the 1997 amendment to subsection (b), which mandated that the circuit court "shall enter sentences to run consecutively" when two factors are present. First, "multiple sentences of imprisonment" must be "imposed on a defendant for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." 730 ILCS 5/5—8—4(b) (West 1998). Second, a defendant must be convicted of one of several triggering offenses enumerated in subsection (b).[1] 730 ILCS 5/5—8—4(b) (West 1998). A review of the 1997 amendment to

---

[1]The triggering offenses listed in the 1997 amendment to sec-

subsection (b) of section 5—8—4 establishes that these changes "eliminat[ed] the trial court's discretion to impose concurrent sentences when the enumerated offenses are committed in separate courses of conduct." *People v. Conley*, 306 Ill. App. 3d 1, 11 n.1 (1999).

The offenses in this case were committed by defendant between December 1997 and August 1998, after the July 1, 1997, effective date of the amendment to subsection (b). Therefore, the amended version of this statutory subsection governs the matter at bar. Applying the provisions of subsection (b) to the instant cause, we find that the two factors requiring imposition of mandatory consecutive sentences on defendant were present here. First, multiple sentences of imprisonment were imposed upon defendant for "offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." 730 ILCS 5/5—8—4(b) (West 1998). Second, defendant was found guilty of three counts of predatory criminal sexual assault of a child under section 12—14.1 of the Criminal Code of 1961 (720 ILCS 5/12—14.1 (West 1998)), one of the enumerated offenses which trigger the application of mandatory consecutive sentences under subsection (b).

As stated, a writ of *mandamus* will not be granted unless a plaintiff can show a clear, affirmative right to relief, a clear duty on the part of the public officer to act, and clear authority in the public officer to comply with the writ. We find that the necessary factors for the issuance of a writ of *mandamus* are present in this case.

Section 5—8—4(b) of the Unified Code of Corrections

---

tion 5—8—4(b) mandating imposition of consecutive sentences are "a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or when the defendant was convicted of a violation of Section 12—13, 12—14, or 12—14.1 of the Criminal Code of 1961." 730 ILCS 5/5—8—4(b) (West 1998).

imposes specific requirements upon the circuit court with respect to the imposition of mandatory consecutive sentences, and the circuit court is responsible under the statute for enforcement of these sentencing requirements and imposing the appropriate sentence. The record reveals that, in the matter at bar, the circuit court did not apply the law as specified in section 5—8—4(b). Once the circuit court determined that defendant was not subject to mandatory consecutive sentences pursuant to subsection (a) of section 5—8—4 because defendant had not committed the offenses "as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective," the circuit court's exercise of discretion was completed. Subsection (b) of section 5—8—4 unequivocally mandates imposition of consecutive sentences when multiple sentences of imprisonment are imposed on a defendant for the enumerated offenses when the offenses are committed in separate courses of conduct. See *Conley*, 306 Ill. App. 3d at 11 n.1. Because the circuit court had previously determined that defendant had not committed the offenses as part of a single course of conduct during which there was no substantial change in the nature of his criminal objective, and had imposed multiple sentences of imprisonment for an enumerated triggering offense, the circuit judge had no further discretion to exercise when sentencing defendant. It is well established that a sentencing judge "cannot impose a penalty not otherwise allowed by the sentencing statute in question." *People v. Wooters*, 188 Ill. 2d 500, 506 n.1 (1999); *People ex rel. Daley v. Strayhorn*, 119 Ill. 2d 331, 336 (1988). Because the concurrent sentences imposed upon defendant by the circuit court were not authorized by section 5—8—4(b), those sentences are void. See *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Under the circumstances presented, the issuance of a writ of *mandamus* is appropriate to compel

the circuit court to comply with mandatory legal standards. *Strayhorn*, 119 Ill. 2d at 336 (writ of *mandamus* appropriate in a homicide case to compel the trial court to comply with mandatory sentencing guidelines imposed by statute); see also *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 334 (1977) (writ of *mandamus* issued to correct clear errors in the circuit court's application of mandatory venue requirements); *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan*, 30 Ill. 2d 178, 180-81 (1964) (writ of *mandamus* issued directing circuit court to vacate order denying dismissal motion and "to rule upon that motion in the light of the applicable legal standards").

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court is vacated. The writ of *mandamus* is issued. The matter is remanded to the circuit court, which is directed to resentence defendant in conformity with section 5—8—4(b) of the Uniform Code of Corrections, which requires that the sentences imposed upon defendant for each conviction for predatory criminal sexual assault of a child be served consecutively. It remains within the discretion of the circuit court to determine, within the permissible statutory sentencing range (see 720 ILCS 5/12—14.1 (West 1998); 730 ILCS 5/5—8—1(a)(3) (West 1998)), the length of each sentence to be imposed.

*Judgment vacated;*
*writ issued;*
*cause remanded with directions.*

JUSTICE GARMAN took no part in the consideration or decision of this case.

JUSTICE KILBRIDE, concurring in part and dissenting in part:
I agree that this cause should be remanded for a new

sentencing hearing. I do not agree that the remedy of *mandamus* is proper in this cause.

We should refrain from granting *mandamus* relief for two reasons. First, the remedy of *mandamus* does not lie to question the discretionary fact-finding authority of a trial judge. Second, the remedy of *mandamus* is only available when the right to relief is clear as a matter of law. The sentencing statute at issue is open to multiple interpretations and the State is not clearly entitled to *mandamus* relief. Accordingly, based upon the following brief analysis, I do not concur with the majority's remedy of *mandamus* and I recommend that we remand this matter through the exercise of our supervisory authority.

Initially, the general sentencing statute at issue in section 5—8—4 gives a trial judge discretion to impose "as determined by the court" either concurrent or consecutive sentences for multiple offenses. 730 ILCS 5/5—8—4(a) (West 1998). The balance of the statute then limits the exercise of discretion in certain circumstances. In subparagraph (a), the discretion to impose consecutive sentences is removed when multiple offenses are committed as part of a single course of conduct and there is no substantial change in the nature of the criminal objective. The second part of subsection (a) removes that consecutive sentencing limitation and then requires consecutive sentences when, in a single course of conduct and with no substantial change in the criminal objective, the defendant commits a Class X or Class 1 felony involving severe bodily injury or the defendant commits certain enumerated sex offenses in sections 12—13, 12—14, or 12—14.1 of the Criminal Code of 1961, as amended. 730 ILCS 5/5—8—4(a) (West 1998).

In subsection (a) the key factors are whether the offenses are part of a single course of conduct with no substantial change in the criminal objective and whether the sentencing is for the commission of certain crimes.

Here, the majority notes that the trial judge found that the offenses were not part of a single course of conduct and that subsection (a) is not applicable in this case. 195 Ill. 2d at 398. The majority also acknowledges that the State's argument is focused on the subsection (b) sentencing provisions. 195 Ill. 2d at 398. Therefore, our inquiry in this case is limited to the subsection (b) sentencing provisions and whether the trial court found "no substantial change in the nature of the criminal objective." 730 ILCS 5/5—8—4(b) (West 1998).

In subsection (b) the trial judge's discretion is limited and consecutive sentences can only be imposed if the trial court makes certain factual findings. 730 ILCS 5/5—8—4(b) (West 1998). Under the first part of subsection (b), a trial court may make the requisite factual findings "to protect the public from further criminal conduct" as one justification for the imposition of a consecutive sentence. 730 ILCS 5/5—8—4(b) (West 1998). The record in this proceeding is abundantly clear that the trial judge made no public safety findings under that first part of subsection (b).

Alternatively, consecutive sentences are authorized when a trial judge makes the requisite factual findings that the offenses were not part of a single course of conduct and that "there was no substantial change in the nature of the criminal objective." 730 ILCS 5/5—8—4(b) (West 1998). Again, the trial judge did not make those requisite factual findings to trigger consecutive sentences. In fact, the trial judge unequivocally stated that " 'the nature of the *criminal objective changes.*' " (Emphasis added.) 195 Ill. 2d at 397. Accordingly, if the nature of the criminal objective changes, then subsection (b) does not mandate the imposition of consecutive sentences.

The trial judge also found as a matter of fact that the offenses were not part of a single course of conduct. That

factual finding is conceded by the majority. 195 Ill. 2d at 398. The trial judge further found a change in the criminal objective involving three separate offenses. The trial judge made no public safety findings under subparagraph (a). Therefore, none of the limitations in either paragraph (a) or (b) applied to the sentence and the trial judge relied upon the general statutory grant of discretionary authority and imposed concurrent sentences.

Despite the trial judge's findings in the record, the majority opinion seems to overlook the trial court's clear, discretionary factual finding that there had indeed been a change in the criminal objective. Unfortunately, the majority's result is premised upon the unsupported conclusion that there was no substantial change in the criminal objective when the trial judge articulated a contrary finding. The majority's approach amounts to a virtual *de novo* reversal of the trial judge's discretionary fact-finding decision. See *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999). Since the trial judge exercised his discretionary authority and in effect made a finding of fact regarding the nature of the criminal objective, the trial judge's ruling is not subject to challenge by the remedy of *mandamus*. *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). Therefore, even though the majority disagrees with the trial court's exercise of discretion in finding that the criminal objective changed in this case, we simply have no legal authority to allow the challenge of that discretion through a *mandamus* action.

The record also strongly suggests that the trial judge struggled with the uncertainty of the statute. At best, the operative language of the sentencing statute is muddy. The trial judge may have justifiably interpreted the statute in one of at least three different ways. The specific statutory sentencing provisions refer to offenses *committed* or *not committed* as part of a *single course of conduct* during which there was *no substantial change in*

*the nature of the criminal objective.* 730 ILCS 5/5—8—4(a), (b) (West 1998).

In *People v. Bole*, 155 Ill. 2d 188, 193 (1993), we questioned whether the phrase "no substantial change" might possibly (1) define, (2) describe, or (3) limit the "single course of conduct" phrase in a similar sentencing provision. *Bole*, 155 Ill. 2d at 193. Hence, this court previously pondered but never determined the meaning of the operative sentencing phrase now at issue in this case. Since *Bole*, this court has not resolved the questions posed in that case.

Furthermore, *mandamus* relief is only appropriate when the application involves a clear right to relief. *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999). In light of *Bole*, it seems premature to ascribe a level of certainty to the statute when the interpretation of the statute remains not so certain. The *Bole* questions prevent us from holding that the State is clearly entitled to the statutory right of a mandatory consecutive sentence. Additionally, the questions raised in *Bole* were neither briefed nor argued in this case and we are now hindered in attempting to resolve those questions at this time. Thus, the State cannot satisfy the burden of entitlement to a clear, legal right to relief.

On a final point, the trial judge may have innocently confused the change of the criminal objective standard with the change of victims. For example, the trial judge stated: " 'The problem is not only the time span, but the single course, the nature of the criminal objective. *In my opinion, we have three victims, the nature of the criminal objective changes.*' " (Emphasis added.) 195 Ill. 2d at 397. Without a doubt, the trial judge attempted to address the necessary sentencing standards involving the single course of conduct and criminal objective standards. On the other hand it is unclear whether the trial judge properly interpreted the criminal objective standard in the sentencing statute.

The trial judge's above-referenced statement suggests that he may have equated the statutory reference to "victim" with the statutory phrase "criminal objective." The trial judge may have concluded that the criminal objective changed because the defendant sexually offended three different victims. The mere involvement of one or more victims does not, however, exclusively describe or define a change or lack of change in the criminal objective.

For instance, an individual may commit the offense of a robbery at three different stores. The robberies may not occur within a single course of conduct, thus bringing the offenses arguably within subsection (b) of the sentencing statute. The criminal objective is to obtain money from each of the three stores. Thus, the criminal objective does not change merely because the robberies were committed at three different stores. The criminal objective remains the same, namely, the illegal taking of property.

In the present case, it appears that the criminal objective probably remained constant, namely, the defendant's sexual gratification involving three separate victims. The victim is the conduit for the defendant's pursuit of a common criminal objective of sexual gratification. The victim is not the criminal objective. The defendant's attacks upon three different victims do not change the common criminal objective of sexual gratification. It seems that the trial judge's ruling is based in part upon a misapprehension of the criminal objective standard. Despite any apparent misapprehension, the determination of any change in the criminal objective rests within the trial court's sole discretionary, fact-finding authority.

Therefore, acknowledging our unresolved questions in *Bole* and the trial judge's apparent misapprehension of the criminal objective standard, we should not subject the trial judge in this case to an order of *mandamus*.

Instead this court should exercise its supervisory authority and provide guidance to the trial court in interpreting and applying a confusing sentencing statute. We should also note that this case does not involve a judge who blatantly disregarded the clear mandatory provisions of a sentencing statute. At worst this case involves a judge who might have slightly missed the mark in attempting to untangle a confusing statute.

In conclusion, I readily agree with the majority that upon remand the trial court may exercise discretion to determine the appropriate sentence within the permissible statutory sentencing range. In short, the remand should be cloaked in a supervisory order and not in *mandamus*. Therefore, I specially concur in the remand and I respectfully dissent from granting the remedy of *mandamus*.