(No. 90931.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* RICHARD A. DEVINE, State's Attorney of Cook County, Petitioner, v. HON. JOSEPH M. MACELLAIO, Judge of the Circuit Court of Cook County, *et al.*, Respondents.

*Opinion filed March 21, 2002.*

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for petitioner.

Ronald G. Draper, of Chicago, for respondent Darnell Brown.

CHIEF JUSTICE HARRISON delivered the opinion of the court:

This is an original action for issuance of a writ of *mandamus* (Ill. Const. 1970, art. VI, § 4(a)) brought by

Richard Devine, the State's Attorney of Cook County, pursuant to Supreme Court Rule 381 (188 Ill. 2d R. 381). In this proceeding, Devine asks our court to compel the Honorable Joseph M. Macellaio, judge of the circuit court of Cook County, to vacate the 30-year sentence he imposed on defendant, Darnell Brown, for aggravated criminal sexual assault and to sentence Brown to natural life imprisonment pursuant to section 12—14(d)(2) of the Criminal Code of 1961 (720 ILCS 5/12—14(d)(2) (West 2000)). For the reasons that follow, the writ is awarded subject to conditions.

Following a bench trial at which Judge Macellaio presided, Brown was found guilty of aggravated criminal sexual assault, criminal sexual assault, armed robbery, home invasion, aggravated unlawful restraint and unlawful restraint. By statute, the maximum term of imprisonment for the type of aggravated criminal sexual assault for which Brown was convicted is normally 30 years. See 720 ILCS 5/12—14(d)(1) (West 2000); 730 ILCS 5/5—8—1(a)(3) (West 2000). Section 12—14(d)(2) of the Criminal Code (720 ILCS 5/12—14(d)(2) (West 2000)) provides, however, that where a defendant is convicted of a second or subsequent offence of aggravated criminal sexual assault, the defendant "shall be sentenced to a term of natural life imprisonment." Section 5—8—1(a)(2.5) of the Unified Code of Corrections (730 ILCS 5/5—8—1(a)(2.5) (West 2000)) reiterates this requirement.

There is no dispute that Brown had previously been convicted of aggravated criminal sexual assault in an unrelated case. Under the terms of the foregoing statutes, he should therefore have been sentenced to a term of imprisonment of natural life on his conviction for aggravated criminal sexual assault in this case. Although the State argued for imposition of such a sentence, the circuit court rejected the State's argument. Instead it imposed a 30-year term of imprisonment on the ag-

gravated criminal sexual assault conviction. It also imposed 30-year terms on the convictions for armed robbery and home invasion; a term of 15 years on the criminal sexual assault conviction; and terms of 4 years each on the convictions for aggravated unlawful restraint and unlawful restraint. Each of the sentences was to be served concurrently.

Brown appealed the circuit court's judgment, and his appeal is presently pending in the appellate court. As Brown's appeal proceeds, the State has initiated this original *mandamus* action to compel the circuit court to follow the requirements of section 12—14(d)(2) of the Criminal Code (720 ILCS 5/12—14(d)(2) (West 2000)) and to sentence Brown to natural life imprisonment rather than 30 years on his conviction for aggravated criminal sexual assault.

Brown does not dispute that a sentence of natural life would be mandated under the circumstances present in this case if his appeal proved unsuccessful. Nor does he contest that *mandamus* is an appropriate mechanism for compelling the circuit court to comply with the statute's mandatory sentencing provisions. His contention is simply that our court should defer ruling on the State's *mandamus* request until his appeal has been heard and decided by the appellate court.

Brown's position is not without merit. Should he prevail on the merits of his appeal and succeed in having his convictions reversed, there would be no second conviction for aggravated criminal sexual assault and therefore no basis for imposing a mandatory life sentence under section 12—14(d)(2) of the Criminal Code (720 ILCS 5/12—14(d)(2) (West 2000)) and section 5—8—1(a)(2.5) of the Unified Code of Corrections (730 ILCS 5/5—8—1(a)(2.5) (West 2000)). Any order entered by this court requiring imposition of such a mandatory sentence would be rendered meaningless, and any action taken by the

circuit court in furtherance of our order would have to be set aside.

Although there is precedent for Brown's position (see *People ex rel. Carey v. Scotillo*, 84 Ill. 2d 170, 176-77 (1981)), our court has adopted a different approach where, as here, the court is aware of the pendency of the underlying appeal when the writ of *mandamus* is sought by the State. In such circumstances, we have held that the better course of action is to follow *Morrow v. Dixon* 108 Ill. 2d 223 (1985), where we retained jurisdiction and awarded the writ conditionally. *People ex rel. Daley v. Strayhorn*, 119 Ill. 2d 331, 337 (1988). That is the approach we shall therefore take here.

For the foregoing reasons, we retain jurisdiction of this matter pending the outcome of Brown's appeal in the appellate court and award the writ conditionally. If the appellate court affirms Brown's conviction for aggravated criminal sexual assault, the writ shall issue directing the circuit court to vacate the 30-year term of imprisonment it imposed for aggravated criminal sexual assault and sentence Brown to natural life imprisonment as mandated by section 12—14(d)(2) of the Criminal Code (720 ILCS 5/12—14(d)(2) (West 2000)) and section 5—8—1(a)(2.5) of the Unified Code of Corrections (730 ILCS 5/5—8—1(a)(2.5) (West 2000)). If Brown's conviction for aggravated criminal sexual assault is reversed, the clerk of this court shall enter an order dismissing the State's action for *mandamus* as moot.

*Writ conditionally awarded;*
*jurisdiction retained.*