784 N.E.2d 792 (2003)
203 Ill.2d 111
271 Ill.Dec. 238
The PEOPLE of the State of Illinois, Appellee,
v.
Andre Timothy HARRIS, Appellant.
No. 91392.
Supreme Court of Illinois.
January 24, 2003.
*793 Daniel Yuhas, Deputy Defender, Office of the State Appellate Defender, Michael H. Vonnahmen, Springfield, for appellant.
James E. Ryan, Attorney General, Springfield (Joel D. Bertocchi, Solicitor General, William L. Browers, David H. Iskowich, Assistant Attorneys General, Chicago, of counsel), for the People.
Justice GARMAN delivered the opinion of the court:
In October 1999, a jury convicted defendant of four counts of attempt (first degree murder), two counts of aggravated criminal sexual assault, and obstruction of justice. The circuit court of Piatt County sentenced defendant to concurrent terms of 45 years for the counts of attempt and aggravated assault, and six years for obstruction of justice. The appellate court vacated the sentences for attempted murder *794 and aggravated criminal sexual assault and remanded with directions to the trial court to impose consecutive sentences pursuant to section 5-8-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-4(a) (West 1998)). No. 4-99-1040 (unpublished order under Supreme Court Rule 23). We allowed defendant's petition for leave to appeal. 177 Ill.2d R. 315.

BACKGROUND
Defendant lived with his girlfriend, Brandie Ann King, her son, and her mother at her mother's house. King testified that on February 15, 1999, she and defendant argued about defendant's leaving the bathroom dirty after taking a bath. The next morning, defendant pushed King onto her bed and straddled her, restraining her ability to move. He then ripped her shirt open and slapped her face. Defendant ordered her to remove her clothes. While brandishing a utility knife, defendant sexually assaulted her. Following forced intercourse, defendant continued to physically and verbally assault her. Defendant placed the blade of a utility knife against her throat, stabbed her in the chest with a utility knife, stabbed her in the abdomen with a steak knife, choked her repeatedly, beat her with an aluminum baseball bat, placed a pillow over her face, placed a shirt over her face and attempted to slit her throat, and used a syringe to inject household cleaning products into her leg and neck.
Defendant was found guilty of four counts of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998)), two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1), (a)(2) (West 1998)), and one count of obstructing justice (720 ILCS 5/31-4(a) (West 1998)). Attempt (first degree murder) and aggravated criminal sexual assault are Class X felonies. 720 ILCS 5/8-4(c), 12-14(d)(1) (West 1998). The trial court found that defendant had inflicted serious harm on King and sentenced him to concurrent prison terms of 45 years on each attempt and aggravated criminal sexual assault count, and a concurrent 6-year term of imprisonment for obstruction of justice.
The appellate court reversed the trial court's sentencing order because defendant's convictions for attempted first degree murder and aggravated criminal sexual assault trigger the consecutive sentencing provision of section 5-8-4(a) of the Code (730 ILCS 5/5-8-4(a) (West 1998)). The appellate court remanded with instructions to impose consecutive sentences pursuant to section 5-8-4(a). Because the appellate court found the concurrent sentences imposed by the trial court in violation of section 5-8-4(a) of the Code, the court did not reach defendant's due process arguments under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Defendant now appeals to this court, arguing the appellate court erred in vacating the concurrent sentences and ordering the imposition of consecutive sentencing. The appellate court's modification of defendant's sentence for obstruction of justice to a nonextended term is not at issue in this appeal.

ANALYSIS
We are asked to determine whether the appellate court erred by vacating the concurrent sentences imposed by the trial court and in ordering that defendant receive consecutive sentences pursuant to section 5-8-4(a) of the Code (730 ILCS 5/5-8-4(a) (West 1998)).
Section 5-8-4(a) of the Code provides in pertinent part:
"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of *795 conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section * * * 12-14 * * * of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5-8-4(a) (West 1998).
Section 5-8-4(a) of the Code provides two distinct exceptions to the general prohibition against consecutive sentences for offenses arising out of a single course of conduct. People v. Whitney, 188 Ill.2d 91, 99, 241 Ill.Dec. 770, 720 N.E.2d 225 (1999). Section 5-8-4(a) establishes that consecutive sentences are mandatory when the offenses were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, and either (1) one of the offenses was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or (2) one of the offenses was a violation of section 12-13 (720 ILCS 5/12-13 (West 1998)), 12-14 (720 ILCS 5/12-14 (West 1998)), or 12-14.1 (720 ILCS 5/12-14.1 (West 1998)) of the Criminal Code of 1961. 730 ILCS 5/5-8-4(a) (West 1998); see also People v. Arna, 168 Ill.2d 107, 112, 212 Ill.Dec. 963, 658 N.E.2d 445 (1995). Once the initial determination of course of conduct is completed, the trial court's exercise of discretion is completed under subsection (a) (People ex rel. Waller v. McKoski, 195 Ill.2d 393, 401, 254 Ill.Dec. 729, 748 N.E.2d 175 (2001)) and consecutive sentencing is mandatory if the offenses are among the listed triggering offenses.
Likewise, section 5-8-4(b) of the Code establishes specific requirements with respect to the mandatory consecutive sentencing, and the trial court is responsible under the statute for enforcement of these sentencing requirements and imposing the appropriate sentence. McKoski, 195 Ill.2d at 400-01, 254 Ill.Dec. 729, 748 N.E.2d 175. Section 5-8-4(b) of the Code provides in pertinent part:
"The court shall not impose a consecutive sentence except as provided for in subsection (a) unless * * * multiple sentences of imprisonment are imposed on a defendant for offenses that were not committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, and one of the offenses for which the defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or when the defendant was convicted of a violation of Section * * * 12-14 * * * of the Criminal Code of 1961 * * *." 730 ILCS 5/5-8-4(b) (West 1998).
The trial court is not required to find that the offenses were part of a single course of conduct for section 5-8-4(b) to apply. Subsection (b) provides that consecutive sentences must be imposed when the offense arose from separate courses of conduct and either (1) one of the offenses was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or (2) one of the offenses was a violation of section 12-13 (720 ILCS 5/12-13 (West 1998)), 12-14 (720 ILCS 5/12-14 (West 1998)), or 12-14.1 (720 ILCS 5/12-14.1 (West 1998)) of the Criminal Code.
While the determination of whether a defendant's actions constituted a single course of conduct is ordinarily a question of fact (see People v. Daniel, 311 Ill.App.3d 276, 287, 243 Ill.Dec. 678, 723 N.E.2d 1279 (2000)), we must first determine whether the trial court correctly applied section 5-8-4 of the Code to the facts *796 of this case. It is well established that a sentencing judge "cannot impose a penalty not otherwise allowed by the sentencing statute in question." People v. Wooters, 188 Ill.2d 500, 506 n. 1, 243 Ill.Dec. 33, 722 N.E.2d 1102 (1999); People ex rel. Daley v. Strayhorn, 119 Ill.2d 331, 336, 116 Ill. Dec. 226, 518 N.E.2d 1047 (1988). Because the construction of a statute is a question of law, the standard of review is de novo. People v. Robinson, 172 Ill.2d 452, 457, 217 Ill.Dec. 729, 667 N.E.2d 1305 (1996).
The appellate court found the imposition of concurrent sentences violates section 5-8-4(a). Implicit in the appellate court's decision is a factual finding that defendant's actions arose from a single course of conduct. The appellate court does not discuss the record as it relates to course of conduct or make an express finding regarding the course of conduct question, other than to state that section 5-8-4(a) mandates consecutive sentences.
It is not necessary that we determine whether or not the trial court made a finding with respect to course of conduct or whether that finding was appropriate. Consecutive sentencing is mandatory in this case under section 5-8-4 of the Code whether the actions arose from separate courses of conduct or a single course of conduct. Defendant was convicted of attempted first degree murder, a Class X felony, and aggravated criminal sexual assault in violation of section 12-14(a)(1) of the Criminal Code. Defendant's convictions are among the triggering offenses listed in both subsections (a) and (b) of section 5-8-4.
We encountered a somewhat similar situation in McKoski. In that case, the record revealed that the trial court erred in imposing concurrent sentences under section 5-8-4. The defendant was convicted of three counts of predatory criminal sexual assault of a child. 720 ILCS 5/12-14.1 (West 1998). The trial court found the actions of defendant to be separate courses of conduct, because they involved three separate victims and three separate days over a nine-month span. The trial court sentenced the defendant to concurrent terms under section 5-8-4(a). The State brought an original action in mandamus to require the trial court to impose consecutive sentences. We found that consecutive sentences were required because two factors necessitated the application of section 5-8-4(b) (730 ILCS 5/5-8-4(b) (West 1998)). First, multiple sentences were imposed for offenses that were not part of a single course of conduct. Second, defendant was found guilty of three counts of predatory criminal sexual assault of a child under section 12-14.1 of the Criminal Code (720 ILCS 5/12-14.1 (West 1998)), one of the enumerated offenses that trigger consecutive sentencing under section 5-8-4(b). McKoski, 195 Ill.2d at 400, 254 Ill.Dec. 729, 748 N.E.2d 175.
In Arna, defendant was sentenced to 30 years' imprisonment for attempted murder. He was also found eligible for an extended term of 30 to 60 years' imprisonment for the attempted murder of the victim's daughter and was sentenced to 45 years' imprisonment on that count. The sentencing judge specifically stated that the sentences were to run concurrently. Arna, 168 Ill.2d at 111, 212 Ill.Dec. 963, 658 N.E.2d 445. On appeal, the defendant challenged his convictions, but neither the defendant nor the State objected to the imposition of concurrent sentences. The appellate court rejected defendant's claims and affirmed his convictions. In addition, the appellate court held that consecutive sentences were mandatory under section 5-8-4(a) and ordered that the concurrent sentences be vacated and the cause remanded to the trial court for the imposition *797 of consecutive sentences. Arna, 168 Ill.2d at 111-12, 212 Ill.Dec. 963, 658 N.E.2d 445. We agreed that the order imposing concurrent sentences violated the statute's mandate and affirmed the appellate court. Arna, 168 Ill.2d at 115, 212 Ill.Dec. 963, 658 N.E.2d 445.
The defendant argued that once the trial court decided that consecutive terms were not mandatory, the appellate court had no authority to review this determination. Arna, 168 Ill.2d at 112, 212 Ill.Dec. 963, 658 N.E.2d 445. The defendant relied on two supreme court rules: Rule 615(b) (setting forth the powers of a reviewing court), which does not grant expressly to the appellate court the authority to increase a sentence on review, and Rule 604(a) (setting forth conditions under which the State may appeal), which does not grant expressly to the State the right to appeal sentencing issues. 134 Ill.2d Rs. 604(a), 615(b). The State argued that each of the requirements for mandatory consecutive sentencing had been met and that the appellate court had acted pursuant to its inherent authority to correct the order of the trial court. We agreed with the State that the order imposing concurrent terms was invalid because the sentence did not conform to the statutory requirement. Arna, 168 Ill.2d at 113, 212 Ill.Dec. 963, 658 N.E.2d 445. The appellate court had the authority to correct the sentence at any time. Arna, 168 Ill.2d at 113, 212 Ill.Dec. 963, 658 N.E.2d 445, citing People v. Wade, 116 Ill.2d 1, 107 Ill.Dec. 63, 506 N.E.2d 954 (1987). The actions of the appellate court were not barred by our rules limiting the State's right to appeal and prohibiting the appellate court from increasing a defendant's sentence on review. Arna, 168 Ill.2d at 113, 212 Ill.Dec. 963, 658 N.E.2d 445. See also People v. Dixon, 91 Ill.2d 346, 63 Ill.Dec. 442, 438 N.E.2d 180 (1982); People v. Scott, 69 Ill.2d 85, 12 Ill.Dec. 736, 370 N.E.2d 540 (1977).
As was the case in Arna, the sentence imposed by the trial court in this case fails to follow the mandate of section 5-8-4. The facts of this case clearly fall into the narrow category of cases where a reviewing court on direct appeal has the inherent authority to correct a trial court order that is in error because of its failure to conform to a statutory requirement. The appellate court acted within its authority in vacating the order of concurrent sentences and remanding for the imposition of consecutive sentences pursuant to section 5-8-4 of the Code.
Having determined that defendant should have received consecutive sentences regardless of whether his actions arose from a single course of conduct or separate courses of conduct, we must determine whether the appellate court erred in reaching sua sponte the question of consecutive or concurrent sentencing.
Defendant argues that the appellate court was barred from reexamining the issue and enforcing the consecutive sentencing provisions because no one objected at trial to the court's supposed finding that the actions were not part of a single course of conduct. In support of this position, defendant relies on People v. Bell, 196 Ill.2d 343, 256 Ill.Dec. 306, 751 N.E.2d 1143 (2001). In Bell, the defendant was convicted of armed robbery, robbery, and aggravated battery. Pursuant to section 5-8-2(a) of the Code (730 ILCS 5/5-8-2(a) (West 1998)), the defendant was sentenced to an extended-term sentence for the lesser-class offense of aggravated battery. The trial court specifically found that defendant's offenses were part of a single course of conduct and sentenced him to concurrent sentences under section 5-8-4(a). Although neither the defendant nor the State contested the trial court's finding *798 that the actions were part of a single course of conduct under section 5-8-4(a), defendant appealed the imposition of an extended-term sentence. Bell, 196 Ill.2d at 346-49, 256 Ill.Dec. 306, 751 N.E.2d 1143.
The question in Bell was what test should apply when determining whether offenses were part of an "unrelated course of conduct" as it relates to the imposition of extended-term sentencing under section 5-8-2(a). Bell, 196 Ill.2d at 350, 256 Ill. Dec. 306, 751 N.E.2d 1143. The appellate court applied the "multiple acts test" to find the defendant's actions were part of an unrelated course of conduct. Bell, 196 Ill.2d at 348-49, 256 Ill.Dec. 306, 751 N.E.2d 1143. Defendant suggests that we found the appellate court's holding in Bell to be "absurd" and instead chose to uphold the trial court's decision that the acts arose from the same course of conduct, because no one objected to the single course of conduct ruling at trial. Defendant misconstrues the holding of Bell. In rejecting the "multiple acts test" for imposition of sentences under section 5-8-2(a) in favor of adopting the section 5-8-4(a) test, we found "absurd" the specific result under the test applied by the appellate court. Bell, 196 Ill.2d at 352-53, 256 Ill. Dec. 306, 751 N.E.2d 1143. We did not find absurd the appellate court's reexamination of sentencing or the fact that sentencing was appealed at all.
Defendant asserts that he is entitled to relief in light of the United States Supreme Court's decision in Apprendi v. New Jersey because he was not informed of the potential for mandatory consecutive sentencing. We have previously held that Apprendi concerns are not implicated by consecutive sentencing. People v. Wagener, 196 Ill.2d 269, 286, 256 Ill.Dec. 550, 752 N.E.2d 430 (2001). Apprendi applies only where a legislature removes from a jury the assessment of facts that increase the "`prescribed range of penalties to which a criminal defendant is exposed.'" Apprendi, 530 U.S. at 490, 120 S.Ct. at 2363, 147 L.Ed.2d at 455, quoting Jones v. United States, 526 U.S. 227, 252-53, 119 S.Ct. 1215, 1228-29, 143 L.Ed.2d 311, 332 (Stevens, J., concurring). It is a settled rule in this state that sentences which run consecutively to each other are not transmuted thereby into a single sentence (Wagener, 196 Ill.2d at 286, 256 Ill.Dec. 550, 752 N.E.2d 430) and that consecutive sentences, taken together, do not constitute a "range of penalties" to which Apprendi applies (People v. Carney, 196 Ill.2d 518, 534-35, 256 Ill.Dec. 895, 752 N.E.2d 1137 (2001)). Therefore, we need not reach defendant's due process arguments under Apprendi.

CONCLUSION
In summary, we hold that the trial court's imposition of concurrent sentences violates section 5-8-4 of the Code (730 ILCS 5/5-8-4 (West 1998)). We affirm the decision of the appellate court vacating the sentence and remanding for the imposition of consecutive sentences.
Affirmed.
Justice RARICK took no part in the consideration or decision of this case.