THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TONY ANGELO JOHNSON, Defendant-Appellee.

First District (2nd Division)    No. 80-1254

Opinion filed June 23, 1981.

Richard M. Daley, State's Attorney, of Chicago (Richard F. Burke and Barry A. Gross, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Petitioner Tony A. Johnson entered an unnegotiated plea of guilty to charges of attempt murder and armed violence. The trial court found him guilty of those crimes and, after a hearing in mitigation and aggravation, sentenced petitioner to serve two 10-year concurrent terms. Petitioner filed the instant action seeking reduction of his sentence. After hearing argument of counsel, the trial court reduced petitioner's sentences to two 6-year terms. On appeal the State asks this court to determine whether the trial court erred in reducing petitioner's sentences. In addition, petitioner requests vacature of his attempt murder conviction.

The trial court accepted petitioner's pleas of guilty after stipulated facts were entered of record and petitioner acknowledged his understanding that no agreement regarding sentencing existed. On May 1, 1979, petitioner signed a waiver of his right to a presentence investigation report. The court then sentenced petitioner to two 10-year terms. No direct appeal was taken.

Petitioner filed the instant petition on April 24, 1980. His *pro se* petition alleges he was told by his attorney he would receive a sentence of less duration than he did receive. Petitioner also alleges his attorney failed to defend him and refused to communicate with vital witnesses. The State filed a motion to dismiss the petition. The report of proceedings indicates that petitioner's court-appointed counsel filed a supplemental post-conviction petition seeking relief under section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) and section 72 of the Civil Practice Act (CPA) (Ill. Rev. Stat. 1979, ch. 110, par. 72). Affidavits and reference letters are attached to the petition.

I

The State challenges the trial court's reduction of petitioner's sentences on the grounds that the petition fails to satisfy the requirement of either the Post-Conviction Hearing Act (PC) or section 72 of the CPA. The court stated it reduced the sentences because it did not have all the facts at the time of original sentencing; and that resentencing was required according to notions of fundamental fairness.

### A

■■ The PC requires petitions seeking relief from conviction or sentence to allege constitutional violations which resulted in the challenged judgment or order. (Ill. Rev. Stat. 1979, ch. 38, par. 122—2.) A *pro se* petition need not set forth such allegations in strict compliance with the standards relating to pleadings and proof. (*People v. Cook* (1973), 11 Ill. App. 3d 216, 218, 296 N.E.2d 612.) The sworn allegation that defense counsel induced a plea upon misrepresentation of a lenient sentence is sufficient to warrant a post-conviction hearing. (*People v. Williams* (1970), 47 Ill. 2d 1, 4, 264 N.E.2d 697; *People v. Cook*.) Allegations of inadequate representation are similarly sufficient. (*People v. Butler* (1974), 23 Ill. App. 3d 108, 110, 318 N.E.2d 680, *appeal denied* (1975), 57 Ill. 2d 608.) The instant *pro se* petition includes these allegations and, therefore, the trial court did not err when it refused to dismiss the petitioner's pleadings.

### B

■■ Section 72 of the CPA provides an avenue to challenge judgments and orders rendered in ignorance of existing facts which, if known, would preclude entry of the original disposition. (See *People v. Hinton* (1972), 52 Ill. 2d 239, 243, 287 N.E.2d 657, *cert. denied* (1973), 410 U.S. 940, 35 L. Ed. 2d 606, 93 S. Ct. 1404.) A section 72 petition is also proper as a vehicle to attack a void judgment. (*Oak Park National Bank v. Peoples Gas Light & Coke Co.* (1964), 46 Ill. App. 2d 385, 394, 197 N.E.2d 73.) Petitioner's *pro se* pleading sets forth sworn allegations of defense counsel's misrepresentations and inadequacies. When that pleading is read in conjunction with the supplemental petition, petitioner alleges facts (*e.g.*, community reputation and family's dependency upon him) existing at the time of sentencing which, if known to the sentencing court, could have precluded the court's original disposition. The instant petitions, therefore, are sufficient to survive a motion to dismiss.

### C

The State argues on appeal, however, that the trial court's sentence reduction was based upon insufficient grounds to justify relief under the PC or section 72.

■■ In *People v. Youngbey* (1980), 82 Ill. 2d 556, 564, 413 N.E.2d 416, our supreme court held the statutorily required presentence investigation and report could not be waived in the absence of an agreement regarding sentence. (See also Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—3—1.) The court in *Youngbey* specifically states, "the presentence investigation and report is a mandatory legislative requirement which cannot be waived * * *." (82 Ill. 2d 556, 561.) "The presentence report, * * * is for the enlightenment of the court * * *. As such, it is not a personal right of the

defendant." (82 Ill. 2d 556, 565.) Such language indicates a court is without jurisdiction to sentence an offender in the absence of a prior investigation and report. Where a court acts in the absence of jurisdiction, the disposition is void and subject to collateral attack. (See, *e.g., Oak Park National Bank v. Peoples Gas Light & Coke Co.*, at 395.) Since the question before a reviewing court is whether the result below, rather than the reasoning, is correct (*People v. York* (1963), 29 Ill. 2d 68, 71, 193 N.E.2d 773; *People v. Gardner* (1977), 56 Ill. App. 3d 606, 609, 371 N.E.2d 1164), the trial court's vacature of petitioner's original sentence was proper in the light of *Youngbey*. However, the trial court proceeded to reduce petitioner's sentence without reference to a presentencing investigation or report. That method of disposition is contrary to the teaching of *Youngbey*. Accordingly, the cause is remanded for resentencing pursuant to statute (see Ill. Rev. Stat. 1979, ch. 38, par. 1005—3—2).[1]

The sentences of the circuit court of Cook County are vacated and the cause is remanded for proper sentencing in accordance with said statute.

Sentences vacated; cause remanded.

HARTMAN, P. J., and STAMOS, J., concur.

---

[1] Petitioner's challenge to his attempt murder conviction is waived and cannot be the subject of post-conviction proceedings. See *People v. Jones* (1979), 73 Ill. App. 3d 99, 104-05, 391 N.E.2d 767 (defendant's plea of guilty waives such challenge on appeal); see also *People v. Ondrey* (1976), 65 Ill. 2d 360, 364, 357 N.E.2d 1160 (nonjurisdictional issues waived by plea of guilty).