UNITED STATES of America ex rel. John F. HAMMOND,

v.

CIRCUIT COURT, et al.

No. 91 C 236.

United States District Court,
N.D. Illinois, E.D.

Feb. 15, 1991.

---

John F. Hammond, pro se.

Roland W. Burris, Atty. Gen. of Illinois by Thomas L. Ciecko, Asst. Atty. Gen., Chicago, Ill., for respondents.

---

### ORDER

BUA, District Judge.

This court is the recipient of yet another habeas corpus petition from John Hammond. On April 30, 1990, the court dismissed without prejudice a habeas corpus petition filed by Hammond because he failed to exhaust state court remedies. Petitioner Hammond now files with this court substantially the same habeas corpus petition. In the interim, he has not sought review in state court. Although Hammond does not designate the proper individual as respondent in the case (petitioner should name the person who has custody of him such as the director of the Cook County Jail), the court will nevertheless consider his petition. For the reasons stated below, the court dismisses his petition without prejudice.

Because Hammond did not file a written motion within 30 days of imposition of his sentence asking that his guilty plea be withdrawn and his judgment vacated, he may not bring a direct appeal in Illinois state court. Ill.Rev.Stat. ch. 110A ¶ 604(d) (1989). However, petitioner remains eligible to raise some of the grounds he enumerates in his habeas petition in a post-conviction hearing. "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding ... [but no] more than 10 years after rendition of final judgment...." Ill.Rev.Stat. ch. 38 ¶ 122–1 (1989).

Hammond raises essentially three grounds attacking his conviction and sentence: (1) his arrest was bogus; (2) he received ineffective assistance of counsel; and (3) his excessive term sentence was bogus. From the matter-of-fact statements included in Hammond's petition, it is difficult to determine whether any of these grounds are meritorious. Yet, if they are, he is still able to raise one of the three grounds in a post-conviction hearing—the ineffective assistance of counsel claim. *See People v. Johnson*, 97 Ill.App.3d 976, 53 Ill.Dec. 599, 424 N.E.2d 12, 14 (1981)

(allegations of inadequate representation of counsel are sufficient grounds for post-conviction hearing). Thus, his claims are not completely exhausted. "The Supreme Court recently held that when a habeas petition contains both exhausted and unexhausted claims, the district court must dismiss the claim *in toto.*" *United States ex rel. Clauser v. Shadid*, 677 F.2d 591, 593 (7th Cir.1982). Therefore, the court once again dismisses, without prejudice, the habeas corpus petition submitted by Hammond.