No. 2--06--0049          Filed:  8-15-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re ALEX T., Alleged to be a Person Subject to Involuntary Admission | ) ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| | | No. 05--MH--155 |
| (The People of the State of Illinois, Petitioner-Appellee, v. Alex T., Respondent-Appellant). | ) ) ) ) | Honorable Robert L. Janes, Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Alex T., the respondent to an involuntary admission petition, appeals from the grant of that petition by the circuit court of Kane County.  He asserts that, because a felony charge was pending against him when the court entered the order, the order was void under section 3--100 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/3--100 (West 2004)).  We agree. Section 3--100 states that "[t]he circuit court has jurisdiction under this Chapter over persons not charged with a felony who are subject to involuntary admission."  405 ILCS 5/3--100 (West 2004). We read this to deny the court jurisdiction to involuntarily admit felony defendants, such as respondent.  We therefore vacate the involuntary admission order as void.

Our primary concern here is to reconcile section 3--100 with section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, §9), which provides that "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction."  Recent supreme court cases, in particular People ex rel. Graf v. Village of

Lake Bluff, 206 Ill. 2d 541, 552-54 (2003), Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,199 Ill. 2d 325, 337 (2002), and Steinbrecher v. Steinbrecher, 197 Ill. 2d 514, 529-30 (2001), have given article VI a broad construction in the general civil context, reading it to bar the legislature from setting conditions for the court's jurisdiction. However, the supreme court has also noted that "[c]riminal proceedings that involve the power to render judgments or sentences address a separate set of concerns" that are not implicated in an ordinary civil case. Steinbrecher, 197 Ill. 2d at 532. It thus has continued to recognize the principle of statutory limitation of jurisdiction in criminal cases, particularly where the legality of a sentence is at issue. E.g., People v. Thompson, 209 Ill. 2d 19, 23 (2004). The question we must address is whether the "separate set of concerns" is limited to criminal cases proper or whether the principle of statutory limitation of jurisdiction remains viable in involuntary admission cases. Taking our direction from People v. McCarty, 94 Ill. 2d 28, 37 (1983), we hold that an involuntary admission case, as one that can significantly restrict the liberty of a respondent, is subject to statutory limitation of jurisdiction.

A cursory procedural history of this case is all that is necessary to frame the issues we will discuss here. The State filed a petition for respondent's involuntary admission on December 1, 2005. The court heard the petition on December 16, 2005. At the hearing, neither party specifically mentioned that respondent was facing a felony charge, although the court did note that the events that had led to the petition for admission constituted a felony. The court found respondent to be a person subject to involuntary admission. Respondent timely appealed. This court, on the motion of respondent and without objection from the State, has taken judicial notice that the State filed a felony complaint (for aggravated assault (720 ILCS 5/12--2(a)(6) (West 2004))) against respondent on December 5, 2005.

We explain first why the involuntary admission of a person charged with a felony is void under section 3--100. We then discuss why we will not deem this case moot and why it is proper under the particular circumstances here for us to take judicial notice of respondent's felony charge.

The Belleville Toyota cases (Steinbrecher, Belleville Toyota, and Graf) put forward an understanding of the constitutional bases of jurisdiction deeply different from that which had long dominated. We must now look with great caution on any decision that holds an order to be void because the issuing court lacked authority to enter it. Our consideration of In re M.M., 156 Ill. 2d 53 (1993), a decision respondent first cited for the proposition that an order is void when entered by a court acting beyond the jurisdiction given it by statute, exemplifies the caution we must take with cases decided before the Belleville Toyota trio.

We deem the supreme court to have largely overruled M.M. in Steinbrecher, the earliest of the Belleville Toyota trio.[1] In Steinbrecher, the question before the supreme court was whether certain departures from statutorily mandated procedure in an action for the partition of land rendered the judgment void.

The dissent cited a group of cases, including M.M., for the proposition that a trial court lacks the inherent authority to enter an order--it lacks jurisdiction--when it exceeds the authority it has

---

[1]In Belleville Toyota, the supreme court also showed its disapproval of M.M. To be sure, the opinion in Belleville Toyota contains repeated cites to M.M.--but the critical citations are to the special concurrence, not the majority. See Belleville Toyota, 199 Ill. 2d at 337. The special concurrence in M.M. is a preview of Steinbrecher and Belleville Toyota, in that it says that the legislature cannot limit the jurisdiction of the circuit court other than in administrative review cases. M.M., 156 Ill. 2d at 74-75 (Miller, J., specially concurring).

statutorily. Steinbrecher, 197 Ill. 2d at 544 (Freeman, J., dissenting). As M.M. put it, "[w]hen a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction [citations], and courts exercising jurisdiction over such matters must proceed within the strictures of the statute." M.M., 156 Ill. 2d at 66.

The majority strongly disagreed. Noting that the dissent had cited M.M., among other decisions, it held that the 1964 amendments to the judicial article of the Constitution of 1870 had mostly abrogated the principle of statutorily limited jurisdiction:

"The dissent mistakenly relies upon a rule of law not applicable to the present circumstances. The 'inherent authority' requirement existed before reform to the judicial system in 1964. Effective January 1, 1964, an amendment to article VI replaced limited jurisdiction: 'Circuit Court[s] shall have unlimited original jurisdiction of all justiciable matters.' Ill. Const. 1870, art. VI, §9 (amended 1964); accord Ill. Const. 1970, art. VI, §9 ('Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction'). This amendment created a single integrated trial court vested with jurisdiction to adjudicate all controversies. [Citation.] Thus, the 'inherent power' requirement applies to courts of limited jurisdiction and administrative agencies." Steinbrecher, 197 Ill. 2d at 529-30.

Further, "a circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority." Steinbrecher, 197 Ill. 2d at 530. The Steinbrecher court thus held that M.M. and the other cases cited by the dissent are wrong to the extent that they suggest that the legislature can statutorily limit jurisdiction in the general run of civil cases.[2]

---

[2]M.M. is not the only supreme court decision respondent could reasonably cite for the

The Steinbrecher court did not entirely close the door to the concept of statutory limits on jurisdiction. It noted that, in People v. Davis, 156 Ill. 2d 149, 156 (1993), it had stated that " 'the power [conferred by the statute] to render the particular judgment or sentence is as important an element of jurisdiction as its personal jurisdiction and subject matter jurisdiction.' " (The bracketed words are the Steinbrecher court's insertion.) Steinbrecher, 197 Ill. 2d at 531-32, quoting Davis, 156 Ill. 2d at 156. It distinguished Davis, reasoning that "[c]riminal proceedings that involve the power to render judgments or sentences address a separate set of concerns not at issue in the present matter." Steinbrecher, 197 Ill. 2d at 532.

Since the Steinbrecher decision, the supreme court has continued to reject the principle of statutorily limited jurisdiction in general civil cases while accepting it in criminal cases, at least those involving the trial court's authority to impose a specific sentence. On the civil side, the supreme court in Belleville Toyota and Graf reaffirmed its position that the legislature cannot limit the trial court's jurisdiction. On the criminal side, the supreme court, in cases such as People v. Harris, 203 Ill. 2d 111, 119 (2003), and Thompson, has held that a trial court lacks jurisdiction to impose a statutorily unauthorized sentence. It has not made explicit the analysis of article VI that underlies this distinct

applicability of statutorily limited jurisdiction in general civil cases. Indeed, he cites In re Estate of Gebis, 186 Ill. 2d 188, 194-95 (1999), which endorses that principle at least as strongly as does the majority in M.M. In re A.H., 195 Ill. 2d 408, 416-17 (2001), decided just five months before Steinbrecher, also unequivocally accepts the principle. We acknowledge the existence of those cases. However, we view the Belleville Toyota trio as having worked a fundamental change in the understanding of article VI. Gebis and A.H., like M.M., must now also be treated with caution.

treatment. The question the criminal cases raise is whether the principle of statutorily limited jurisdiction is now strictly limited to criminal sentences. We conclude that it also remains applicable to other orders significantly restricting a person's liberty, including involuntary admission orders.

The Steinbrecher court spoke of "a separate set of concerns" present in criminal judgments. Steinbrecher, 197 Ill. 2d at 532. It did not specify what those concerns were, but presumably it had in mind the concerns for the protection of a party's liberty interests implicated if the party is subject to incarceration. The supreme court, before Steinbrecher, had suggested that the requirement that an order be statutorily authorized to be valid applies particularly to those orders that restrict a person's liberty. In McCarty, 94 Ill. 2d at 37, it stated that "[t]he basis for the plain-error holdings in [four supreme court cases, including two juvenile cases] was that a conviction or an order significantly restricting the liberty of a defendant must have statutory authorization and is a nullity otherwise." (Emphasis added.) (The McCarty court's citations to juvenile cases suggest that it intended this principle to extend beyond criminal cases in the strict sense.) Drawing from Steinbrecher and McCarty, we hold that, because an order for involuntary admission is an order significantly restricting a person's liberty, statutory authorization must exist for a court to have jurisdiction to enter it.

Based on the analysis we have just given, section 3--100 can constitutionally be read as written. "The circuit court has jurisdiction under this Chapter [concerning involuntary admission] over persons not charged with a felony who are subject to involuntary admission." 405 ILCS 5/3--100 (West 2004). Despite the wording that suggests a limitation on personal jurisdiction, the statute does not govern modes of service or alternative methods for bringing a party into court. Rather, it establishes that the circuit court has no power--lacks jurisdiction--to enter an involuntary admission

order where the respondent is a person charged with a felony. Any involuntary admission order entered against a person charged with a felony is thus an order entered by a court that lacks jurisdiction, and so is void. Here, therefore, the order the trial court entered against respondent was void.

Two further issues require discussion for a complete disposition of this case. First, the State has suggested that we should abandon the pattern of reviewing involuntary admission cases despite the expiration of the term of admission and dismiss this case as moot. As we discuss, we will not change that pattern. Second, our holding that the trial court's order was void is based on evidence, the charge against respondent, that the trial court did not have. We wish to explain why, under the particular circumstances of this case, we considered this new and critical evidence.

First, the State, noting that the term of respondent's involuntary admission is now long expired, asks us to dismiss this case as moot. We will not do that. "An appeal is moot if no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief." In re Marriage of Peters-Farrell, 216 Ill. 2d 287, 291 (2005). However, Illinois courts have generally held that review of an involuntary admission order is appropriate despite its expiration, because "the collateral consequences related to the stigma of an involuntary admission may confront [the] respondent in the future." In re Splett, 143 Ill. 2d 225, 228 (1991). This policy is a recognition that the reversal or vacation of an involuntary admission order is, in the real world, often an effective form of relief. The State has asked us to take judicial notice of the disposition of respondent's felony case in an effort to persuade us that a reversal or vacation would make little difference given respondent's particular circumstances. We find no authority that

supports that kind of individualized determination, nor is such a determination within a reviewing court's primary area of competence.

Second and finally, this court properly took judicial notice of the felony complaint against respondent despite his not having presented that document to the trial court. The existence of the charge was critical to our holding that the involuntary admission was void.[3] Generally, a reviewing court should not take judicial notice of critical evidence that was not before the trial court. See Vulcan Materials Co. v. Bee Construction, 96 Ill. 2d 159, 166 (1983). However, the caution against allowing new evidence on appeal via judicial notice is simply a part of the doctrine of waiver. See American Federation of State, County & Municipal Employees, Council 31 v. County of Cook, 145 Ill. 2d 475, 479-80 (1991). The doctrine of waiver is "an admonition to the parties rather than a limitation on the reviewing court's jurisdiction," and we may relax its application where justice so requires. In re Detention of Traynoff, 358 Ill. App. 3d 430, 441-42 (2005). Relaxing the doctrine of waiver here is appropriate because the State did not object to the consideration of the charge and, indeed, incorporated the charge in its own arguments. Further, an "argument that an order or judgment is void is not subject to waiver." Thompson, 209 Ill. 2d at 27. Although we will not hold here that a reviewing court must always consider new judicially noticeable evidence to show that a

---

[3]Respondent suggests that the court erred in entering the involuntary admission order when the State had not alleged or put on evidence that respondent had no pending felony charges. Because, for the reasons we explain, we took judicial notice of the charge against respondent, we need not decide whether an involuntary admission order can be proper when the petitioner has not provided positive evidence that no felony charges are pending against the respondent.

judgment is void, we think that the fact that the charge shows an order's voidness weighs strongly in favor of our consideration of it.

For the reasons we have given, we vacate as void the involuntary admission order entered against respondent.

Vacated.

McLAREN and CALLUM, JJ., concur.