Sixth Division
December 21, 2007

No. 1-06-1011

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 99 CR 22451 |
| | ) | |
| MAURICE SIMS, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Diane Gordon Cannon, |
| | ) | Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Defendant Maurice Sims appeals from an order of the circuit court of Cook County granting the State's motion to dismiss his petition for relief pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2004). On appeal, defendant contends that his term of 12 years' imprisonment for aggravated kidnapping during the commission of an attempted armed robbery is void because the trial court failed to comply with section 5-3-1 of the Unified Code of Corrections (Code) (730 ILCS 5/5-3-1) (West 2004)).

The record shows that defendant was charged by information with multiple counts of aggravated kidnapping, vehicular invasion, attempted armed robbery, aggravated unlawful restraint, and unlawful use of a weapon. On March 13, 2002, defense counsel requested a conference pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). The trial court then explained to defendant that during the conference she would meet with the parties' attorneys and review defendant's background as well as the facts of the case. Defendant confirmed that he understood and that he wished to have the conference.

Following the Rule 402 conference, defense counsel informed the court that defendant wished

to withdraw his previously entered plea of not guilty to the crime of aggravated kidnapping during the commission of an attempted armed robbery and enter a plea of guilty to that charge. Defense counsel also stated that the parties had agreed that in exchange for a plea of guilty, defendant would be sentenced to 12 years' imprisonment.

Before entering his plea, the trial court advised defendant of the minimum and maximum sentences for each offense charged, and defendant indicated that he was not promised anything in exchange for pleading guilty other than the 12-year prison sentence, of which he would serve 85% with credit for the time already spent in presentence custody. A factual basis for the plea revealed that about 11 a.m. on September 17, 1999, Prahalad and Narhari Thakkar left a bank after having withdrawn money, and defendant, who had been standing next to them inside the bank, left at the same time. Following a brief conversation in the parking lot, all three entered Prahalad and Narhari's vehicle. Defendant put a gun to Prahalad's neck and demanded that he start driving and that he give defendant the money he withdrew from the bank. Prahalad gave defendant $596. Defendant then pulled Prahalad's sleeve, which caused him to strike another car with his vehicle. Defendant exited the car and left the scene, but was arrested several blocks away and subsequently identified by Prahalad and Narhari. The police recovered a handgun from defendant, which Prahalad and Narhari also identified. Defendant later gave a handwritten statement admitting to his involvement in the crime. Several days later, Prahalad discovered that the money he had given defendant had been left inside of his car.

The court then proceeded to sentencing, noting that defendant had waived his right to a presentence investigation report (PSI). At the conclusion of the plea proceeding, the trial court sentenced defendant to the agreed term of 12 years' imprisonment. The court then admonished defendant of his right to appeal and informed him of the necessity of filing a motion to withdraw his

2

guilty plea before doing so. Defendant did not file a motion to withdraw his guilty plea and vacate the judgment or otherwise attempt to perfect an appeal from it.

On January 12, 2004, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). In his petition, defendant alleged, among other things, that he was denied due process and effective assistance of counsel when his trial counsel misrepresented the amount of time he would receive in exchange for his guilty plea. At a hearing on the petition, the court appointed counsel for defendant and advanced his petition for second-stage proceedings.

On June 7, 2005, defendant's appointed counsel asked for a continuance on defendant's postconviction petition and filed a petition pursuant to section 2-1401 of the Code of Civil Procedure. Defendant alleged in his petition that the trial court did not have jurisdiction to sentence him without a prior investigation and report and that his waiver of a PSI was not valid where the court failed to make a specific finding on the record as to his criminal history pursuant to section 5-3-1 of the Code. 730 ILCS 5/5-3-1 (West 2004). In response to defendant's arguments, the trial court requested defendant to provide case law in support of his position. The court then found that the cases relied on by defendant did not support his position because the cases did not concern a negotiated plea agreement. At that point, the court requested that defendant file a memorandum in support of his position.

On July 7, 2005, defendant filed such a memorandum in which he argued that the trial court improperly moved *sua sponte* to dismiss his petition in violation of the express requirement that the opponent move to dismiss or file an answer. See 735 ILCS 5/2-1401 (West 2004). Defendant further argued that he set forth a legally sufficient claim for relief under section 5-3-1 (730 ILCS 5/5-3-1 (West 2004)) in his petition.

On August 24, 2005, the State moved to dismiss defendant's petition on the grounds that it was barred by the two-year statute of limitations, that it was unsupported by affidavits, and that it failed to raise any meritorious issues. On October 6, 2005, defendant filed a memorandum of law in opposition to the State's motion to dismiss.

Following a hearing on November 22, 2005, the court found that defendant's sentence was not void because there was a negotiated plea between the parties and the court imposed the agreed-upon sentence. The court then granted the State's motion to dismiss defendant's section 2-1401 petition as untimely.

In this appeal from that order, defendant contends that the circuit court erred in dismissing his section 2-1401 petition. He maintains that his sentence is void because the trial court accepted his waiver of a PSI without making a specific finding on the record of his criminal history as required by section 5-3-1 of the Code. He claims that a sentence which does not conform to a statutory requirement is void and, accordingly, that this court should vacate his sentence and remand his cause for a new sentencing hearing.

The State responds that the trial court's failure to make a specific finding on the record as to defendant's criminal history does not render his sentence void but, rather, voidable. The State maintains that because judgment on defendant's negotiated guilty plea was entered by a court with jurisdiction and defendant failed to allege grounds for excusing the delay in filing his petition, the circuit court properly dismissed his petition as untimely.

Section 2-1401 provides a comprehensive statutory procedure for defendants to challenge final orders and judgments more than 30 days after they were entered. People v. Pinkonsly, 207 Ill. 2d 555, 562 (2003). Generally, a section 2-1401 petition filed more than two years after the challenged

4

judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed. Pinkonsly, 207 Ill. 2d at 562. Where the judgment being challenged is void, however, defendant may seek relief beyond the two-year limitation of section 2-1401. People v. Gosier, 205 Ill. 2d 198, 206 (2001). For the following reasons, we find that the exception for permitting a defendant to seek section 2-1401 relief beyond the statutorily prescribed limitations period is not present in this case and that defendant's sentence is not void.

In People v. Davis, 156 Ill. 2d 149, 155 (1993), the supreme court distinguished between a void and voidable order. The court determined that a resulting judgment is rendered void and may be attacked indirectly or directly at any time where the court lacks jurisdiction, whereas a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. Davis, 156 Ill. 2d at 156. The court further determined that the jurisdiction of a trial court is conferred by the Illinois Constitution, not by the personal rights of a defendant, and once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Davis, 156 Ill. 2d at 156. Thus, a judgment may be void where a court exceeded its jurisdiction, but a court will not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both. Davis, 156 Ill. 2d at 156.

We acknowledge that a court's jurisdiction can be limited in imposing a particular sentence. The supreme court has long recognized that the legislature has the authority to establish the nature and extent of criminal penalties and that a trial court is obligated to impose the criminal penalties mandated by the legislature. See People v. Wade, 116 Ill. 2d 1, 6 (1987). Thus, a court exceeds its authority and acts without jurisdiction if it orders a sentence that is lesser or greater than authorized by statute.

5

Wade, 116 Ill. 2d at 6; People v. Perruquet, 181 Ill. App. 3d 660, 663 (1989). In these circumstances, the supreme court has declared that the sentence, or portion thereof, that is not authorized by statute is void. See, e.g., Wade, 116 Ill. 2d at 6 (declaring void an order of probation where defendant was ineligible for probation due to his prior convictions); People v. Arna, 168 Ill. 2d 107, 112-13 (1995) (declaring order imposing concurrent sentences void where consecutive sentences were mandated by statute); People v. Williams, 179 Ill. 2d 331, 336 (1997) (joint imposition of two consecutive sentences for a single offense exceeded statutory restrictions and was therefore void); People v. Harris, 203 Ill. 2d 111, 119-21 (2003) (finding that, where consecutive sentences were statutorily mandated, order imposing concurrent sentences was void); Pinkonsly, 207 Ill. 2d at 568-69 (extended-term portion of sentence not authorized by statute and therefore void); People v. Thompson, 209 Ill. 2d 19, 23-24 (2004) (same).

With these principles in mind, we address defendant's claim of trial court error in sentencing. Section 5-3-1 provides, in relevant part:

> "A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court.
>
> However, other than for felony sex offenders being considered for probation, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment,

conditional discharge, or imprisonment." 730 ILCS 5/5-3-1 (West 2004).

The record in this case shows that the parties agreed to a specific sentence of 12 years' imprisonment in exchange for the plea of guilty. However, the record does not contain an "on the record" finding by the trial court of defendant's history of delinquency or criminality. The failure to enter that finding on the record was error, but under the circumstances of this case, merely rendered defendant's sentence voidable.

The trial court clearly had personal and subject matter jurisdiction over defendant and, thus, authority to enter a conviction and sentence on the charged offense. The Illinois Constitution, not section 5-3-1 of the Code, gives the court jurisdiction to accept a guilty plea and impose sentence. See Davis, 156 Ill. 2d at 156. The case law reviewed above establishes that the nature and duration of the criminal penalties enacted by the legislature serve as jurisdictional limitations on the power of the court and that a court exceeds its authority when it imposes a sentence that is lesser or greater than authorized by statute. See Wade, 116 Ill. 2d at 6; Perruquet, 181 Ill. App. 3d at 663. Here, however, the record reveals that the court did not exceed its authority when it imposed the agreed-upon 12-year term of imprisonment, and we are unpersuaded that the failure to follow section 5-3-1 deprived the court of jurisdiction and rendered the negotiated guilty plea and sentence void. Accordingly, in this case, the lack of an on-the-record finding of defendant's history of delinquency or criminality did not deprive the court of jurisdiction over defendant or render his sentence void. It therefore follows that the circuit court properly dismissed defendant's section 2-1401 petition as untimely since he offered no cognizable reason to toll the limitations period.

In reaching this conclusion, we have considered the cases cited by defendant that he claims are

analogous to the present case. See People v. Walton, 357 Ill. App. 3d 819 (2005); People v. Evans, 273 Ill. App. 3d 252 (1994); People v. Olivarez, 279 Ill. App. 3d 90 (1996). In each case, the appellate court held that the trial court erred by accepting a negotiated guilty plea and imposing sentence without considering a presentence report and without having made a finding for the record as to the defendant's criminal history. See Walton, 357 Ill. App. 3d at 822; Evans, 273 Ill. App. 3d at 255-56; Olivarez, 279 Ill. App. 3d at 100. Accordingly, the court vacated the defendant's sentence and remanded the cause for a new sentencing hearing. Walton, 357 Ill. App. 3d at 824; Evans, 273 Ill. App. 3d at 257; Olivarez, 279 Ill. App. 3d at 100. In Walton, 357 Ill. App. 3d at 822, the court clarified that only the trial court's approval of the sentence constituted error, but that the error did not equate to a problem with the negotiation process or invalidate the defendant's guilty plea.

These cases are readily distinguishable from the present case. Most importantly, all of these cases involved claims that were brought in a timely direct appeal, and therefore, they do not involve the procedural posture of this case nor do they address the specific issue before this court. At most, these cases stand for the proposition that the trial court is required to strictly comply with the requirements of section 5-3-1 and that the failure to do constitutes error. The dispute in the present case is not whether the trial court erred by accepting defendant's waiver of the PSI and imposing a sentence without making a finding for the record as to defendant's criminal history. Rather, the question is whether that error deprived the trial court of jurisdiction and therefore rendered the judgment and sentence against defendant void. This question is not addressed or answered by any of these cases.

We have also considered People v. Johnson, 97 Ill. App. 3d 976 (1981), which defendant relies upon as his sole authority for the proposition that a sentence imposed in violation of section 5-3-1 is void. In Johnson, 97 Ill. App. 3d at 977, defendant entered an unnegotiated guilty plea, signed a

waiver of his right to a PSI, and was sentenced to serve two 10-year concurrent terms. No direct appeal was taken. Defendant subsequently filed a postconviction petition seeking reduction of his sentence under section 122-1 *et seq.* of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 122-1 *et seq.*) and section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), and the trial court reduced defendant's sentences to two six-year terms. Johnson, 97 Ill. App. 3d at 977. On appeal, the court held that the trial court's vacature of defendant's original sentence was proper because a PSI cannot be waived in the absence of an agreement regarding sentence. Johnson, 97 Ill. App. 3d at 979. The court further held, however, that the trial court's reduction of defendant's sentence without reference to a PSI was improper and therefore remanded the cause for resentencing. Johnson, 97 Ill. App. 3d at 979. In reaching this conclusion, the court held that a trial court is without jurisdiction to sentence a defendant in the absence of a PSI. Johnson, 97 Ill. App. 3d at 978-79.

We find defendant's reliance upon Johnson to be misplaced. Initially, the defendant in Johnson entered an unnegotiated guilty plea, whereas defendant in this case entered a negotiated guilty plea. Therefore, Johnson did not involve the portion of section 5-3-1 at issue in this case, which provides that "the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant's history of delinquency or criminality." 730 ILCS 5/5-3-1 (West 2004). More importantly, Johnson cited to no authority for its holding that a sentence imposed in the absence of a PSI is void. See Johnson, 97 Ill. App. 3d at 979. We disagree with this statement and, as previously discussed, believe that the failure to state defendant's criminal background on the record did not oust the court of jurisdiction and render defendant's sentence void, but instead made that sentence merely "voidable."

Accordingly, we affirm the order of the circuit court of Cook County granting the State's

motion to dismiss defendant's section 2-1401 petition.

Affirmed.

GARCIA, J., concurs.

R.E. GORDON, J., dissents.

JUSTICE ROBERT E. GORDON, dissenting:

I respectfully dissent because the sentence that was handed down by the trial court is void, not voidable as the majority holds.

As the majority noted, our supreme court explained the difference between void and voidable in People v. Davis, 156 Ill. 2d 149 (1993). The supreme court in Davis held that the order before it was voidable, not void. The trial court in Davis had entered an order in violation of the double jeopardy clause. Davis, 156 Ill. 2d at 157. The supreme court held that the order was merely voidable because double jeopardy is "a personal privilege which may be waived." Davis, 156 Ill. 2d at 157. It was the fact that the error concerned a personal, waivable right of the defendant that led our supreme court to find that the order was merely voidable.

In the case at bar, the error concerned a criminal history finding. In contrast to the error in Davis, our supreme court and this court have repeatedly held that the criminal history finding is not a personal right of the defendant. The supreme court and this court have repeatedly held that the requirements of section 5-3-1 are for the enlightenment of the court, and thus are not personal rights of the defendant that can be waived. People v. Youngbey, 82 Ill. 2d 556, 565 (1980) (presentence report is "for the enlightenment of the court" and is "not a personal right of the defendant" and thus "cannot be waived"); People v. Walton, 357 Ill. App. 3d 819, 821 (2005) (defendant may not waive presentence report because it "serves to enlighten the court"); People v. Evans, 273 Ill. App. 3d 252, 255 (1994) (presentence report is "for the enlightenment of the court"). Thus, the reasoning of Davis compels a finding that the order in our case is void.

People v. Johnson, 97 Ill. App. 3d 976 (1981), is directly on point. Like the defendant in the case at bar, the Johnson defendant waived his right to a presentence report. Like the trial court in the

11

case at bar, the trial court in Johnson sentenced the defendant without either a presentence report or a criminal history finding. Like the defendant in the case at bar, the Johnson defendant filed a postconviction petition, rather than a direct appeal. Like we did once before in Johnson, this court should hold again that a sentence is void where the trial court sentenced the defendant in violation of section 3-1, without a presentence report or a criminal history finding. Johnson, 97 Ill. App. 3d at 978-79.

The majority attempts to distinguish Johnson because in Johnson, the defendant entered an unnegotiated plea and thus section 3-1 required a presentence report instead of a criminal history finding. This is a distinction without a difference. Whether it was a presentence report or a criminal history finding that was missing, section 3-1 was still violated in both cases. The point in Johnson is that a violation of section 3-1 renders a sentence void.

The majority also claimed that "Johnson cited no authority for its holding that a sentence imposed in the absence of a PSI is void." Slip op. at 10. This statement is factually incorrect. This court in Johnson cited the authority of our own supreme court, which held that a presentence report was "mandatory" and not a personal, waivable right of the defendant. Johnson, 97 Ill. App. 3d at 978-79, citing Youngbey, 82 Ill. 2d at 561. Johnson is directly on point, and I respectfully cannot find a reason to disregard our own precedent.

The majority finds the order voidable because the "Illinois Constitution, not section 5-3-1 of the Code, gives the court jurisdiction to accept a guilty plea and impose sentence." Slip op. at 7. Section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9) provides that: "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction." Recent cases have "given article VI a broad construction in the general

12

civil context, reading it to bar the legislature from setting conditions for the court's jurisdiction." In re Alex T., 375 Ill. App. 3d 758, 7-60 (2007).

However, our supreme court has "continued to recognize the principle of statutory limitation of jurisdiction in criminal cases." In re Alex T., 375 Ill. App. 3d at 760 (holding trial court order void). For example, in People v. Thompson, 209 Ill. 2d 19, 22-25 (2004), our supreme court rejected the State's "merely voidable" argument and held that the trial court lacked jurisdiction to impose a sentence in a criminal case, because the trial court failed to follow a statute. Similarly, in People v. Harris, 203 Ill. 2d 111, 119-20 (2003), the supreme court upheld an appellate court when it sua sponte vacated a trial court's sentencing order for failing to follow a statute. In the case at bar, finding the sentence void would uphold the distinction between civil and criminal cases drawn by our own supreme court.

As this court has held before, the fact that the defendant entered a negotiated plea does not render the trial court's error harmless. Evans, 273 Ill. App. 3d at 256. In Evans, like in the case at bar, the defendant negotiated a plea and there was an agreed-upon sentence. Evans, 273 Ill. App. 3d at 254-55. The State's Attorney in Evans did state the criminal history background on the record, but told "only half the story." Evans, 273 Ill. App. 3d at 256. Thus, the trial court in Evans was left with an erroneous impression about the extent of the defendant's criminal history when it chose to abide by the agreed-upon sentence. The State argued that any error was harmless, reasoning that since the defendant was sentenced according to the agreement, he could not have been harmed. Evans, 273 Ill. App. 3d at 256.

In Evans, we explained that the State's argument "misapprehends the purpose of the statue." Evans, 273 Ill. App. 3d at 256. We stated that the primary purpose of the statute is to make sure that

"the sentencing judge [is] aware of the dangerousness of a particular defendant." Evans, 273 Ill. App. 3d at 256. The trial court must be made aware because it is the trial court that has "the duty and responsibility in imposing a sentence, not the attorneys." Evans, 273 Ill. App. 3d at 256.

In assessing harm, the issue is not whether the defendant's expectations were frustrated but whether the trial court had the information it needed in order to satisfy "its responsibility" to sentence. Evans, 273 Ill. App. 3d at 256. In Evans, we stated:

> "[S]ection 5-3-1 is primarily concerned with making the sentencing judge aware of the dangerousness of a particular defendant, and so the argument that the defendant could not realistically expect to receive less than the negotiated sentences misapprehends the purpose of the statute. The question is not whether the defendant could have received less time; rather the question is, should the defendant have received a greater sentence? The judge has the duty and responsibility in imposing a sentence, not the attorneys. The mere fact that the parties negotiate a plea does not remove the responsibility and burden of sentencing from the judge." Evans, 273 Ill. App. 3d at 256.

In the case at bar, as in Evans, the harm is to the justice system, not the defendant. "The question is not whether [this] defendant could have received less time; rather, the question is, should the defendant have received a greater sentence?" Evans, 273 Ill. App. 3d at 256. The irony is that even though it is the defendant who is pressing for a vacated sentence, he may very well receive a greater sentence on remand

Like the agreed-upon sentence, the Rule 402 conference also does not somehow make up for

the failure to state the criminal history on the record. On the date scheduled for trial in the case at bar, the defense attorney asked for a conference pursuant to Supreme Court Rule 402, which governs plea discussions. Prior to the Rule 402 conference, the trial court informed the defendant that it would "go over your background as well as the facts of the case." The trial court's admonishment referred generally to the defendant's "background" but not specifically to criminal history. The language of Rule 402 does not require a trial court to consider a defendant's criminal history background. People v. Walton, 357 Ill. App. 3d 819, 822 (2005) (holding that Supreme Court Rule 402 does not require a trial court to consider a defendant's criminal history).

Even assuming that the State presented Sims' criminal history background at the Rule 402 conference and the trial court fully considered it, there is no way for us to know whether the State presented a complete or accurate criminal history, since there is no transcript of the Rule 402 conference. Assistant State's Attorneys have been known to make mistakes. For example, in Evans, the State's Attorney stated an incomplete criminal history prior to the trial court's Rule 402 admonishments, which led this court to vacate and remand. Evans, 273 Ill. App. 3d at 256-57. The point of the requirement of stating the criminal history on the record is to empower judges and provide a check on attorneys. Evans, 273 Ill. App. 3d at 256-57.

For the foregoing reasons, I would affirm defendant's conviction, vacate his sentence, and remand for proper sentencing pursuant to section 5-3-1 of the Unified Code of Corrections.

Vacating and remanding the sentence would have no bearing on defendant's conviction. Although the trial court improperly imposed the agreed-upon sentence without first making a finding for the record as to defendant's criminal history, its error does not invalidate defendant's guilty plea. Walton, 357 Ill. App. 3d at 824. Both the State and defendant are bound by the original terms of the

agreement. <u>Walton</u>, 357 Ill. App. 3d at 824. Thus, it is only the trial court's decision to approve the sentence that was flawed. <u>Walton</u>, 357 Ill. App. 3d at 824.

On remand, the trial court should consider defendant's criminal history before deciding whether the negotiated sentence is appropriate. Only if the trial court does not agree with the 12-year sentence should the defendant be allowed to withdraw his guilty plea. <u>Walton</u>, 357 Ill. App. 3d at 824.

I realize that three years had elapsed before the defendant filed his section 1401 petition to declare his sentencing order void. However, the trial court can correct the error by merely making a criminal history finding and considering it at resentencing. <u>Johnson</u>, 97 Ill. App. 3d at 979 (trial court must consider presentence report at resentencing, after case remanded due to void sentencing order).

In addition, "[i]t is a well-settled principle of law that a void order may be attacked at any time or in any court, either directly or collaterally." <u>People v. Thompson</u>, 209 Ill. 2d 19, 25 (2004). Thus, the appellate court has not hesitated to declare a sentencing order void, even when more than 13 years had elapsed since the defendant's last appeal. <u>People v. Muntaner</u>, 339 Ill. App. 3d 887, 888-90 (2003) (discussed with approval in <u>Thompson</u>, 209 Ill. 2d at 26). The mere lapse of time does not add legitimacy to a void order.