PRESIDING JUSTICE McBRIDE delivered the opinion of the court: Defendant Maurice Sims appeals from an order of the circuit court of Cook County granting the State’s motion to dismiss his petition for relief pursuant to section 2 — 1401 of the Code of Civil Procedure. 735 ILCS 5/2 — 1401 (West 2004). On appeal, defendant contends that his term of 12 years’ imprisonment for aggravated kidnapping during the commission of an attempted armed robbery is void because the trial court failed to comply with section 5 — 3—1 of the Unified Code of Corrections (Code) (730 ILCS 5/5 — 3—1 (West 2004)). The record shows that defendant was charged by information with multiple counts of aggravated kidnapping, vehicular invasion, attempted armed robbery, aggravated unlawful restraint, and unlawful use of a weapon. On March 13, 2002, defense counsel requested a conference pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). The trial court then explained to defendant that during the conference she would meet with the parties’ attorneys and review defendant’s background as well as the facts of the case. Defendant confirmed that he understood and that he wished to have the conference. Following the Rule 402 conference, defense counsel informed the court that defendant wished to withdraw his previously entered plea of not guilty to the crime of aggravated kidnapping during the commission of an attempted armed robbery and enter a plea of guilty to that charge. Defense counsel also stated that the parties had agreed that in exchange for a plea of guilty, defendant would be sentenced to 12 years’ imprisonment. Before entering his plea, the trial court advised defendant of the minimum and maximum sentences for each offense charged, and defendant indicated that he was not promised anything in exchange for pleading guilty other than the 12-year prison sentence, of which he would serve 85% with credit for the time already spent in presentence custody. A factual basis for the plea revealed that about 11 a.m. on September 17, 1999, Prahalad and Narhari Thakkar left a bank after having withdrawn money, and defendant, who had been standing next to them inside the bank, left at the same time. Following a brief conversation in the parking lot, all three entered Prahalad and Narhari’s vehicle. Defendant put a gun to Prahalad’s neck and demanded that he start driving and that he give defendant the money he withdrew from the bank. Prahalad gave defendant $596. Defendant then pulled Prahalad’s sleeve, which caused him to strike another car with his vehicle. Defendant exited the car and left the scene, but was arrested several blocks away and subsequently identified by Prahalad and Narhari. The police recovered a handgun from defendant, which Prahalad and Narhari also identified. Defendant later gave a handwritten statement admitting to his involvement in the crime. Several days later, Prahalad discovered that the money he had given defendant had been left inside of his car. The court then proceeded to sentencing, noting that defendant had waived his right to a presentence investigation report (PSI). At the conclusion of the plea proceeding, the trial court sentenced defendant to the agreed term of 12 years’ imprisonment. The court then admonished defendant of his right to appeal and informed him of the necessity of filing a motion to withdraw his guilty plea before doing so. Defendant did not file a motion to withdraw his guilty plea and vacate the judgment or otherwise attempt to perfect an appeal from it. On January 12, 2004, defendant filed a pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 — 1 et seq. (West 2004)). In his petition, defendant alleged, among other things, that he was denied due process and effective assistance of counsel when his trial counsel misrepresented the amount of time he would receive in exchange for his guilty plea. At a hearing on the petition, the court appointed counsel for defendant and advanced his petition for second-stage proceedings. On June 7, 2005, defendant’s appointed counsel asked for a continuance on defendant’s postconviction petition and filed a petition pursuant to section 2 — 1401 of the Code of Civil Procedure. Defendant alleged in his petition that the trial court did not have jurisdiction to sentence him without a prior investigation and report and that his waiver of a PSI was not valid where the court failed to make a specific finding on the record as to his criminal history pursuant to section 5 — 3—1 of the Code. 730 ILCS 5/5 — 3—1 (West 2004). In response to defendant’s arguments, the trial court requested defendant to provide case law in support of his position. The court then found that the cases relied on by defendant did not support his position because the cases did not concern a negotiated plea agreement. At that point, the court requested that defendant file a memorandum in support of his position. On July 7, 2005, defendant filed such a memorandum in which he argued that the trial court improperly moved sua sponte to dismiss his petition in violation of the express requirement that the opponent move to dismiss or file an answer. See 735 ILCS 5/2 — 1401 (West 2004). Defendant further argued that he set forth a legally sufficient claim for relief under section 5 — 3—1 (730 ILCS 5/5 — 3—1 (West 2004)) in his petition. On August 24, 2005, the State moved to dismiss defendant’s petition on the grounds that it was barred by the two-year statute of limitations, that it was unsupported by affidavits, and that it failed to raise any meritorious issues. On October 6, 2005, defendant filed a memorandum of law in opposition to the State’s motion to dismiss. Following a hearing on November 22, 2005, the court found that defendant’s sentence was not void because there was a negotiated plea between the parties and the court imposed the agreed-upon sentence. The court then granted the State’s motion to dismiss defendant’s section 2 — 1401 petition as untimely. In this appeal from that order, defendant contends that the circuit court erred in dismissing his section 2 — 1401 petition. He maintains that his sentence is void because the trial court accepted his waiver of a PSI without making a specific finding on the record of his criminal history as required by section 5 — 3—1 of the Code. He claims that a sentence which does not conform to a statutory requirement is void and, accordingly, that this court should vacate his sentence and remand his cause for a new sentencing hearing. The State responds that the trial court’s failure to make a specific finding on the record as to defendant’s criminal history does not render his sentence void but, rather, voidable. The State maintains that because judgment on defendant’s negotiated guilty plea was entered by a court with jurisdiction and defendant failed to allege grounds for excusing the delay in filing his petition, the circuit court properly dismissed his petition as untimely. Section 2 — 1401 provides a comprehensive statutory procedure for defendants to challenge final orders and judgments more than 30 days after they were entered. People v. Pinkonsly, 207 Ill. 2d 555, 562 (2003). Generally, “[a] section 2 — 1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed.” Pinkonsly, 207 Ill. 2d at 562. Where the judgment being challenged is void, however, defendant may seek relief beyond the two-year limitation of section 2 — 1401. People v. Gosier, 205 Ill. 2d 198, 206 (2001). For the following reasons, we find that the exception for permitting a defendant to seek section 2 — 1401 relief beyond the statutorily prescribed limitations period is not present in this case and that defendant’s sentence is not void. In People v. Davis, 156 Ill. 2d 149, 155 (1993), the supreme court distinguished between a void and voidable order. The court determined that a resulting judgment is rendered void and may be attacked indirectly or directly at any time where the court lacks jurisdiction, whereas a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. Davis, 156 Ill. 2d at 156. The court further determined that the jurisdiction of a trial court is conferred by the Illinois Constitution, not by the personal rights of a defendant, and once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Davis, 156 Ill. 2d at 156. Thus, a judgment may be void where a court exceeded its jurisdiction, but a court will not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both. Davis, 156 Ill. 2d at 156. We acknowledge that a court’s jurisdiction can be limited in imposing a particular sentence. The supreme court has long recognized that the legislature has the authority to establish the nature and extent of criminal penalties and that a trial court is obligated to impose the criminal penalties mandated by the legislature. See People v. Wade, 116 Ill. 2d 1, 6 (1987). Thus, a court exceeds its authority and acts without jurisdiction if it orders a sentence that is lesser or greater than authorized by statute. Wade, 116 Ill. 2d at 6; People v. Perruquet, 181 Ill. App. 3d 660, 663 (1989). In these circumstances, the supreme court has declared that the sentence, or portion thereof, that is not authorized by statute is void. See, e.g., Wade, 116 Ill. 2d at 6 (declaring void an order of probation where defendant was ineligible for probation due to his prior convictions); People v. Arna, 168 Ill. 2d 107, 112-13 (1995) (declaring order imposing concurrent sentences void where consecutive sentences were mandated by statute); People v. Williams, 179 Ill. 2d 331, 336 (1997) (joint imposition of two consecutive sentences for a single offense exceeded statutory restrictions and was therefore void); People v. Harris, 203 Ill. 2d 111, 119-21 (2003) (finding that, where consecutive sentences were statutorily mandated, order imposing concurrent sentences was void); Pinkonsly, 207 Ill. 2d at 568-69 (extended-term portion of sentence not authorized by statute and therefore void); People v. Thompson, 209 Ill. 2d 19, 23-24 (2004) (same). With these principles in mind, we address defendant’s claim of trial court error in sentencing. Section 5 — 3—1 provides, in relevant part: “A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court. However, other than for felony sex offenders being considered for probation, the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant’s history of delinquency or criminality, including any previous sentence to a term of probation, periodic imprisonment, conditional discharge, or imprisonment.” 730 ILCS 5/5 — 3—1 (West 2004). The record in this case shows that the parties agreed to a specific sentence of 12 years’ imprisonment in exchange for the plea of guilty. However, the record does not contain an “on the record” finding by the trial court of defendant’s history of delinquency or criminality. The failure to enter that finding on the record was error, but under the circumstances of this case, merely rendered defendant’s sentence voidable. The trial court clearly had personal and subject matter jurisdiction over defendant and, thus, authority to enter a conviction and sentence on the charged offense. The Illinois Constitution, not section 5 — 3—1 of the Code, gives the court jurisdiction to accept a guilty plea and impose sentence. See Davis, 156 Ill. 2d at 156. The case law reviewed above establishes that the nature and duration of the criminal penalties enacted by the legislature serve as jurisdictional limitations on the power of the court and that a court exceeds its authority when it imposes a sentence that is lesser or greater than authorized by statute. See Wade, 116 Ill. 2d at 6; Perruquet, 181 Ill. App. 3d at 663. Here, however, the record reveals that the court did not exceed its authority when it imposed the agreed-upon 12-year term of imprisonment, and we are unpersuaded that the failure to follow section 5 — 3—1 deprived the court of jurisdiction and rendered the negotiated guilty plea and sentence void. Accordingly, in this case, the lack of an on-the-record finding of defendant’s history of delinquency or criminality did not deprive the court of jurisdiction over defendant or render his sentence void. It therefore follows that the circuit court properly dismissed defendant’s section 2 — 1401 petition as untimely since he offered no cognizable reason to toll the limitations period. In reaching this conclusion, we have considered the cases cited by defendant that he claims are analogous to the present case. See People v. Walton, 357 Ill. App. 3d 819 (2005); People v. Evans, 273 Ill. App. 3d 252 (1994); People v. Olivarez, 279 Ill. App. 3d 90 (1996). In each case, the appellate court held that the trial court erred by accepting a negotiated guilty plea and imposing sentence without considering a presentence report and without having made a finding for the record as to the defendant’s criminal history. See Walton, 357 Ill. App. 3d at 822; Evans, 273 Ill. App. 3d at 255-56; Olivarez, 279 Ill. App. 3d at 100. Accordingly, the court vacated the defendant’s sentence and remanded the cause for a new sentencing hearing. Walton, 357 Ill. App. 3d at 824; Evans, 273 Ill. App. 3d at 257; Olivarez, 279 Ill. App. 3d at 100. In Walton, 357 Ill. App. 3d at 822, the court clarified that only the trial court’s approval of the sentence constituted error, but that the error did not equate to a problem with the negotiation process or invalidate the defendant’s guilty plea. These cases are readily distinguishable from the present case. Most importantly, all of these cases involved claims that were brought in a timely direct appeal, and therefore, they do not involve the procedural posture of this case nor do they address the specific issue before this court. At most, these cases stand for the proposition that the trial court is required to strictly comply with the requirements of section 5 — 3—1 and that the failure to do so constitutes error. The dispute in the present case is not whether the trial court erred by accepting defendant’s waiver of the PSI and imposing a sentence without making a finding for the record as to defendant’s criminal history. Rather, the question is whether that error deprived the trial court of jurisdiction and therefore rendered the judgment and sentence against defendant void. This question is not addressed or answered by any of these cases. We have also considered People v. Johnson, 97 Ill. App. 3d 976 (1981), which defendant relies upon as his sole authority for the proposition that a sentence imposed in violation of section 5 — 3—1 is void. In Johnson, 97 Ill. App. 3d at 977, defendant entered an unnegotiated guilty plea, signed a waiver of his right to a PSI, and was sentenced to serve two 10-year concurrent terms. No direct appeal was taken. Defendant subsequently filed a postconviction petition seeking reduction of his sentence under section 122 — 1 et seq. of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 122 — 1 et seq.) and section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), and the trial court reduced defendant’s sentences to two six-year terms. Johnson, 97 Ill. App. 3d at 977. On appeal, the court held that the trial court’s vacature of defendant’s original sentence was proper because a PSI cannot be waived in the absence of an agreement regarding sentence. Johnson, 97 Ill. App. 3d at 979. The court further held, however, that the trial court’s reduction of defendant’s sentence without reference to a PSI was improper and therefore remanded the cause for resentencing. Johnson, 97 Ill. App. 3d at 979. In reaching this conclusion, the court held that a trial court is without jurisdiction to sentence a defendant in the absence of a PSI. Johnson, 97 Ill. App. 3d at 978-79. We find defendant’s reliance upon Johnson to be misplaced. Initially, the defendant in Johnson entered an unnegotiated guilty plea, whereas defendant in this case entered a negotiated guilty plea. Therefore, Johnson did not involve the portion of section 5 — 3—1 at issue in this case, which provides that “the court need not order a presentence report of investigation where both parties agree to the imposition of a specific sentence, provided there is a finding made for the record as to the defendant’s history of delinquency or criminality.” 730 ILCS 5/5 — 3—1 (West 2004). More importantly, Johnson cited to no authority for its holding that a sentence imposed in the absence of a PSI is void. See Johnson, 97 Ill. App. 3d at 979. We disagree with this statement and, as previously discussed, believe that the failure to state defendant’s criminal background on the record did not oust the court of jurisdiction and render defendant’s sentence void, but instead made that sentence merely “voidable.” Accordingly, we affirm the order of the circuit court of Cook County granting the State’s motion to dismiss defendant’s section 2 — 1401 petition. Affirmed. GARCIA, J., concurs.