2023 IL App (5th) 220470-U

NO. 5-22-0470

NOTICE
Decision filed 08/23/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Piatt County. |
| | ) | |
| v. | ) | No. 99-CF-8 |
| | ) | |
| ANDRE T. HARRIS, | ) | Honorable |
| | ) | Karle E. Koritz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The defendant's appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed, where the defendant inarguably failed to satisfy the cause-and-prejudice test for his successive postconviction petition.

¶ 2   The defendant, Andre T. Harris, is serving an aggregate sentence of 38 years in prison for three counts of attempt (first degree murder), one count of aggravated criminal sexual abuse, and one count of obstruction of justice. Previously, this case has been before the Appellate Court, Fourth District, and our supreme court. Now, this case is before this court on appeal from the circuit court's second-stage dismissal of the defendant's amended petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). The defendant's court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has filed with this court a motion for leave to withdraw as counsel, on the ground that this appeal lacks merit. See

1

*Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD also has filed a memorandum of law in support of its *Finley* motion. Having been properly served with copies of the *Finley* motion and supporting memorandum, the defendant has filed with this court a response in the form of a *pro se* brief. This court has examined the *Finley* motion and brief, the defendant's response, the prior decisions from prior appeals, and the complete record on appeal. This court finds that this appeal does, indeed, lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court of Piatt County, dismissing the defendant's amended postconviction petition, is affirmed.

¶ 3                                    BACKGROUND

¶ 4            The Trial, the Sentencing, and the First Direct Appeal

¶ 5    In October 1999, a jury found the defendant guilty of committing seven crimes in February 1999. The jury found him guilty of four counts of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998)), two counts of aggravated criminal sexual assault (*id.* § 12-14(a)(1), (a)(2)), and obstruction of justice (*id.* § 31-4(a)). Subsequently, the circuit court sentenced him to imprisonment for a term of 45 years on each of the four counts of attempt (first degree murder) and both counts of aggravated criminal sexual assault, and for a term of 6 years for obstruction of justice, with all sentences to be served concurrently. The defendant appealed from the judgment of conviction.

¶ 6    On direct appeal, the Appellate Court, Fourth District, affirmed the defendant's convictions for three of the four counts of attempt (first degree murder), both counts of aggravated criminal sexual assault, and the one count of obstruction of justice. However, the Fourth District vacated the defendant's conviction and sentence for one count of attempt (first degree murder), vacated his sentences for the three affirmed counts of attempt (first degree murder) and the two counts of

2

aggravated criminal sexual assault, and reduced the defendant's sentence for obstruction of justice from a term of six years in prison to a term of three years. The Fourth District remanded the cause to the circuit court with directions that it impose new sentences for the three affirmed counts of attempt (first degree murder) and the two counts of aggravated criminal sexual assault. *People v. Harris*, No. 4-99-1040 (2001) (unpublished order under Supreme Court Rule 23). Our supreme court affirmed the Fourth District's decision. *People v. Harris*, 203 Ill. 2d 111 (2003).

¶ 7                    The Resentencing, and the Second Direct Appeal

¶ 8    Upon remand, on May 20, 2003, the circuit court complied with the Fourth District's mandate. The court imposed sentences of imprisonment for a term of nine years on each of the three counts of attempt (first degree murder) and for terms of eight years and seven years on the two counts of aggravated criminal sexual assault. The court ordered that these five prison sentences, along with the three-year sentence for obstruction of justice (modified by the appellate court on direct appeal), would all be served consecutively. The aggregate sentence was for 45 years. The prison sentences would be followed by mandatory supervised release for three years.

¶ 9    After resentencing, the defendant appealed (again) from the judgment of conviction. In that appeal, the defendant's appointed counsel filed an *Anders* motion to withdraw, on the ground that the appeal presented no issue of arguable merit. By summary order, the Fourth District Appellate Court granted the *Anders* motion and affirmed the judgment of conviction. *People v. Harris*, No. 4-03-0502 (2005) (unpublished order under Supreme Court Rule 23).

¶ 10    Collateral Attacks, Including the Initial Postconviction Petition and Proceeding

¶ 11    On January 25, 2010, the defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2010)). He claimed, *inter alia*, that his two convictions for aggravated criminal sexual assault were "based on a single

3

act of penetration" of the victim's vagina by the defendant's penis, in violation of the one-act-one-crime rule and in violation of the constitutional prohibition against double jeopardy. He sought a new sentencing hearing to determine which conviction should stand. In February 2010, the State filed a response to the section 2-1401 petition for relief from judgment, asking the circuit court to deny it.

¶ 12    For approximately one year, nothing more happened in regard to the section 2-1401 petition. Then, in January 2011—one year after its filing—the defendant filed a *pro se* motion to "call up" the petition. There followed many more delays related to who could represent the defendant.

¶ 13    On December 10, 2012, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2010)). It was the defendant's initial postconviction petition. In that postconviction petition, the defendant raised the same claims that were raised in his section 2-1401 petition for relief from judgment (filed on January 25, 2010).

¶ 14    In January 2013, the court appointed counsel to represent the defendant. On June 3, 2013, the defendant, though appointed counsel, filed a pleading that was styled, "Defendant's Amended Petition in the Trial Court for Relief from Judgment." Despite this styling, the opening paragraph of the pleading stated that it was filed "pursuant to Section 5/122-1(a)(1) of the Code of Criminal Procedure (725 ILCS 5/122-1(a)(1)))." This amended postconviction petition was very similar to the defendant's *pro se* postconviction petition (as well as his *pro se* section 2-1401 petition for relief from judgment). It claimed that both of the defendant's convictions for aggravated criminal sexual assault were "predicated upon the same act of sexual penetration" and therefore violated the one-act-one-crime rule and the double-jeopardy clause.

4

¶ 15    On August 22, 2013, the circuit court held a hearing on the "Defendant's Amended Petition in the Trial Court for Relief from Judgment." The prosecutor, the defense attorney, and the defendant were present. At the start of the hearing, the court noted that the document was "not styled as a post-conviction proceeding." However, the court also noted that the first paragraph of the document "identifie[d] the statutory section of the conviction proceedings," and for that reason, the court would consider the document "a post-conviction proceeding." Nobody expressed disagreement with this approach. The parties stipulated that they would proceed immediately to stage three of postconviction proceedings. The defendant's appointed counsel argued that both counts of aggravated criminal sexual assault were based upon "one act of sexual penetration," and that the one-act-one-crime rule required vacatur of one of those two counts, specifically the one for which the defendant was sentenced to seven years of imprisonment. The State conceded that the court needed to vacate one count of aggravated criminal sexual assault. The court vacated the one count of aggravated criminal sexual assault and its seven-year sentence. The defendant was left with three counts of attempt (first degree murder), with a sentence of nine years for each count; one count of aggravated criminal sexual assault, with a sentence of eight years; and one count of obstruction of justice, with a sentence of three years, with all the sentences consecutive. (The aggregate prison sentence was 38 years.)

¶ 16    The defendant filed a notice of appeal, thus perfecting the appeal in No. 4-13-0745. However, he later voluntarily dismissed that appeal.

¶ 17                The Second Postconviction Petition and Proceeding

¶ 18    On August 30, 2021, the defendant submitted to the clerk of the circuit court a *pro se* "Petition for Post Conviction Relief," and the circuit clerk file-stamped the petition. It was the defendant's second postconviction petition. In it, the defendant presented a variety of claims, *viz.*:

5

(1) during jury deliberations, the trial judge communicated with the jury, and consulted with the prosecutor and the defense attorney about how to respond to jury requests, without the defendant being present or even aware of those communications and consultations; (2) the circuit court's jurisdiction in the case was "improperly invoked" when the police officer who arrested the defendant and the prosecutor "did not comply with statutory requisites" regarding arrest and appearance before a judge for a judicial determination of probable cause; (3) the prosecutor made improper, intentionally false, and inflammatory statements to the jury during closing argument; (4) trial counsel provided constitutionally ineffective assistance when he failed to challenge the defendant's arrest and untimely probable-cause determination, when he failed to investigate whether the defendant had a prior felony that could be used for impeachment of the defendant; when he failed to protect the defendant's right to be present when the judge was communicating with the jury during deliberations, when he failed to object to the prosecutor's inflammatory closing arguments, and when he failed to "fully familiarize himself" with the sentencing possibilities and to share that information with the defendant; and (5) direct-appeal counsel provided ineffective assistance by not raising these issues. In the prayer for relief, the defendant sought relief in the alternative, including dismissal of all charges and a new trial.

¶ 19    However, the defendant's postconviction petition submitted on August 30, 2021, did not even mention that it was, in fact, a successive postconviction petition. It did not include any facts pertinent to a cause-and-prejudice analysis for successive postconviction petitions. See 725 ILCS 5/122-1(f) (West 2020); *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). It did not even allude to cause or prejudice. Furthermore, the successive petition was not accompanied by a separate motion for leave to file a successive postconviction petition.

6

¶ 20    In addition, the successive petition did not include anything about the timing of the petition's filing (approximately 18 years after his resentencing on May 20, 2003), or any facts relating to a lack of culpable negligence in the timing.  See 725 ILCS 5/122-1(c) (West 2020).

¶ 21    In November 2021, the circuit court entered a written "Order Advancing Petition for Post-Conviction Relief."  The gravamen of the order read as follows: "The court declines at [the] first stage [of postconviction proceedings] to dismiss the Petition as frivolous or patently without merit. The Petition is advanced to [the] second stage."  The court also appointed the public defender to serve as the defendant's postconviction counsel.  The written order did not say anything about the successive nature of the defendant's petition.  It did not include a cause-and-prejudice analysis for successive petitions, or indeed any mention of either cause or prejudice.

¶ 22    On March 14, 2022, the defendant, by his postconviction counsel, filed an amended postconviction petition.  He presented three claims, *viz.*: (1) trial counsel was constitutionally ineffective in four specific instances, which included his failure to object to the State's introduction of a knife and boxcutter; (2) the prosecutor made improper and inflammatory statements during closing arguments, including a comment on the presumption of innocence; and (3) the trial court deprived the defendant of a fair and impartial trial when it denied his motion *in limine* that sought to exclude from evidence his prior conviction for criminal sexual assault.  For relief, the defendant sought an evidentiary hearing.

¶ 23    On the same day that the amended postconviction petition was filed, postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 24    On June 27, 2022, the court held a second-stage hearing on the State's motion to dismiss the defendant's postconviction petition.  At the start of the hearing, the court asked the defendant

7

whether he understood why the State was asking the court to dismiss the case, and the defendant answered in the affirmative. "Do you understand," asked the court, "that the grounds for their dismissal is that you haven't plead any facts showing that you were not culpably negligent in filing the petition so late? Do you understand that that's their position?" The defendant answered, "I do. Yes." Following a short break, allowing postconviction counsel to speak with the defendant, defense counsel stated that they were ready to proceed.

¶ 25　With that, the State argued as follows:

"I do believe that under the statute the defendant needs to show his delay in filing a post-conviction petition must not be due to his culpable negligence. We are more than twenty years past the conviction in this case and there's already been an appeal that was timely filed and heard and resolved. A prior post-conviction [petition] was already filed and resolved. I don't believe this post-conviction motion contains anything explaining the delay. I believe that the delay is due to the defendant's culpable negligence and that is a grounds for dismissal at the second stage which is where we are at in these proceedings."

Then, postconviction counsel argued that the court had discretion to hear the defendant's amended postconviction petition, and he urged the court to allow such a hearing.

¶ 26　The circuit court explained and announced its ruling on the State's motion to dismiss, as follows: "Because the defendant did not file the petition in a timely fashion, and because the defendant did not claim actual innocence or allege any facts to show that he was not culpably negligent for filing the petition so late, then the State's motion to dismiss is well taken." The court granted the State's motion, dismissing the amended postconviction petition.

¶ 27　The defendant perfected an appeal in this case. OSAD was appointed to represent him.

ANALYSIS

¶ 29    As previously noted, OSAD has filed a *Finley* motion to withdraw as counsel, along with a memorandum in support thereof.  In its memorandum, OSAD discusses, but ultimately finds meritless, two potential issues in this appeal, namely: (1) whether the postconviction petition was timely, or whether the delay in filing was not due to the defendant's own culpable negligence, and (2) whether postconviction counsel provided the defendant with reasonable assistance.  The defendant has filed a 27-page *pro se* "Brief and Argument for the Petitioner" in response to OSAD's *Finley* motion.  He argues that (1) even though his postconviction petition was filed late, he was not culpably negligent, for he had relied on the "erroneous advice" of appellate counsel, and (2) his postconviction counsel provided him with "ineffective assistance" when he failed to amend the postconviction petition so as to allege that the defendant was not culpably negligent.

¶ 30    In short, OSAD and the defendant focus on the timing of the postconviction petition's filing, and on whether the late filing was due to the defendant's culpable negligence.  However, this court sets aside the untimeliness issue, and focuses on a different issue, namely, whether the defendant obtained leave of court to file a successive postconviction petition.  This court may affirm on any basis supported by the record, regardless of the reasoning employed below.  *People v. Dorsey*, 2021 IL 123010, ¶ 33.  The denial of leave to file a successive postconviction petition is reviewed *de novo*.  *People v. Ames*, 2019 IL App (4th) 170569, ¶ 11.

¶ 31    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) allows a criminal defendant to challenge his conviction based on a substantial denial of his constitutional rights.  *Id.* § 122-1(a)(1).  The Act contains a three-stage procedure for relief.  *People v. Boclair*, 202 Ill. 2d 89, 99 (2002).  At the first stage, the circuit court independently determines whether the defendant's postconviction petition is frivolous or patently without merit and dismisses the

petition if it is. 725 ILCS 5/122-2.1(a)(2) (West 2020); *Boclair*, 202 Ill. 2d at 99-100. If the petition is not dismissed, it proceeds to the second stage, where the court may appoint postconviction counsel for the defendant, who may amend the petition, and the State may file a motion to dismiss the petition. 725 ILCS 5/122-2.1(b), 122-5 (West 2020); *Boclair*, 202 Ill. 2d at 100. If the petition is not dismissed at the second stage, it proceeds to the third stage, where the court conducts an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2020); *Boclair*, 202 Ill. 2d at 100.

¶ 32    However, there are limits on the number of times a defendant may avail himself of this statutory mechanism. Both the Act and case law make clear that the filing of *only one* postconviction petition is contemplated. See 725 ILCS 5/122-3 (West 2020) (any postconviction claim that is "not raised in the original or an amended petition is waived"); *People v. Morgan*, 212 Ill. 2d 148, 153 (2004) (the Act "contemplates the filing of only one postconviction petition"). There are situations when a second or successive postconviction petition can be filed. For one, the bar against a second or successive petition may be lifted if a defendant claims actual innocence based on newly-discovered evidence. See, *e.g.*, *People v. Taliani*, 2021 IL 125891, ¶ 55. However, the defendant in the instant case did not present an actual-innocence claim. Absent an actual-innocence claim, the bar will be lifted only if the defendant shows cause and prejudice. *Morgan*, 212 Ill. 2d at 153. As section 122-1(f) of the Act states: "Only one petition may be filed by a petitioner *** without leave of the court. Leave of court may be granted only if a petitioner demonstrates [1] cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and [2] prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2020).

¶ 33    In regard to the cause-and-prejudice exception to the waiver rule, "the Act and our case law are clear that the circuit court must render a determination based on whether each individual

claim contained within that petition meets the cause-and-prejudice test." *People v. Thames*, 2021 IL App (1st) 180071, ¶ 84. Furthermore, "[w]ithout an express determination, the successive petition cannot be deemed 'filed' under the Act," and the petition cannot advance to the second stage. *Id.* ¶ 85. See also *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007) ("the express leave of court" is "mandated by section 122-1(f) of the Act"); *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010) ("a successive postconviction petition is not considered 'filed' for purposes of section 122-1(f), and further proceedings will not follow, until leave is granted").

¶ 34    In the instant case, the defendant filed his first or initial *pro se* postconviction petition back in December 2012. It was the beginning of a postconviction proceeding that culminated, in August 2013, with a third-stage hearing and a ruling on the defendant's petition. The *pro se* petition that the defendant submitted to the circuit court on August 30, 2021, was his second postconviction petition. The court should have treated it as a successive petition, performing a cause-and-prejudice analysis. However, the court never ruled on cause and prejudice. Instead, the court entered a written "Order Advancing Petition for Post-Conviction Relief," wherein the court "decline[d] at [the] first stage [of postconviction proceedings] to dismiss the Petition as frivolous or patently without merit. The Petition is advanced to [the] second stage." The court seemed to treat the defendant's successive postconviction petition as if it were his first postconviction petition. The court acted as if the petition had already been filed with the court (instead of being merely file-stamped by the clerk) and was ready for a first-stage decision on whether it would be summarily dismissed or not. Simply "advancing" the petition to the second stage, without an express ruling on cause and prejudice, was improper. An express ruling on cause and prejudice was required.

11

¶ 35　Given the content of the successive petition, no point would be served in remanding this case to the circuit court for an express ruling on cause and prejudice. When the defendant submitted his *pro se* successive postconviction petition to the court on August 30, 2021, it was abundantly clear that the defendant did not include any facts pertinent to either cause or prejudice. Cause and prejudice were not even alluded to in the successive petition. (Also, the defendant did not accompany his successive petition with a separate motion for leave to file it.) The defendant could not possibly have met the cause-and-prejudice test. In light of the complete absence of allegations relating to cause or prejudice, only one finding and ruling could have been possible, namely, the defendant failed to show cause or prejudice, and therefore leave to file a successive petition must be denied.

¶ 36　　　　　　　　　　　　　CONCLUSION

¶ 37　Because the defendant failed to show cause and prejudice, he failed to lift the bar on his successive postconviction petition. The court should have realized as much and should have denied him leave to file the successive petition. Accordingly, OSAD's *Finley* motion to withdraw as counsel is allowed, and the judgment of the circuit court is affirmed.

¶ 38　Motion granted; judgment affirmed.